George E. JOHNSON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18915.

United States Court of Appeals District of Columbia Circuit.

Argued March 15, 1965.

Decided June 15, 1965.

---

Mr. John Patten Abshire (appointed by this court), Washington, D. C., for appellant.

Mr. Allan M. Palmer, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before BAZELON, Chief Judge, and WASHINGTON and WRIGHT, Circuit Judges.

J. SKELLY WRIGHT, Circuit Judge.

This is an appeal from a conviction for unauthorized use of a motor vehicle.[1] The case for the Government consisted of testimony of a police officer, who stated he saw appellant driving the automobile of one Richard Farmer, and the testimony of Farmer, who affirmed his ownership of the automobile and stated he had not given appellant or anyone else permission to use it. This evidence was sufficient to support the verdict, but certain comments made by the prosecut-

1. 22 D.C.CODE § 2204 (1961).

ing attorney in his closing argument require some discussion.[2]

At the end of the police officer's testimony, defense counsel, exercising his rights under the Jencks Act,[3] moved for production of two statements made by the officer prior to trial. These statements were handed to counsel and a recess was called to give him time to study them. After the recess, cross-examination of the policeman continued, but at no time did counsel make any use of the Jencks Act statements. In his closing argument to the jury, the prosecutor made the following contention:

> "The unhesitating identification of this defendant by Officer Joliffe, I think, ladies and gentlemen, proves this case beyond any reasonable doubt. He testified under oath that this defendant, who he had ample opportunity to observe just a few feet away, was in fact the man he chased and arrested several blocks away. In fact, this defendant breathing hard in a state of exhaustion corroborates the fact that this man had run a distance from the scene of the crime.

> "Further corroboration, ladies and gentlemen, may be found in the fact that I produced for the benefit of this defense counsel statements in writing made to other persons by the police officer; and was there one satisfactory effort made to impeach the Officer to suggest that what he

had made in his official report is in any way different from his testimony at trial? *There is no difference, ladies and gentlemen, in these reports made at the time of the crime. They corroborate the testimony of the police officer from the witness stand.*" (Emphasis added.)

These comments are challenged as beyond the bonds of proper closing argument. On this appeal, the Government seeks to justify the comments by contending that the receipt by defense counsel of the Jencks Act statements, and his failure to use them, were events which occurred in plain sight of the jury and were, like other common jury perceptions, proper subject matter for comment.

■ Ordinarily, counsel has the right to comment on any matter brought to the attention of the jury. Closing arguments may also focus on the failure of defense witnesses to explain certain incriminating circumstances,[4] or the opposing party's failure to call as witnesses persons peculiarily within his control.[5] It is elementary, however, that counsel may not premise arguments on evidence which has not been admitted.[6] Here the evidence on which the prosecutor predicated his argument to the jury, even if formally tendered to the court, could not have been admitted over objection.

■ It is a well known rule of evidence, applicable in criminal and civil cases alike, that prior consistent state-

---

**2.** In addition to challenging the sufficiency of the evidence, appellant claims trial court error in the instruction defining reasonable doubt. This error, in the circumstances of this case, was harmless. See Scurry v. United States, 120 U.S. App.D.C. ——, 347 F.2d 468 (No. 18,633, decided April 15, 1965).

**3.** 18 U.S.C. § 3500.

**4.** See, *e.g.*, United States v. Johnson, 4 Cir., 337 F.2d 180 (1964), cert. granted, 379 U.S. 988, 85 S.Ct. 703, 13 L.Ed.2d 609 (1965).

**5.** See, *e.g.*, Milton v. United States, 71 App.D.C. 394, 110 F.2d 556 (1940).

The right of counsel to comment on matters occurring in the courtroom is not absolute, of course. The right extends only to comments serving the interest in full and fair argument of the case. Where other, more important, interests might be jeopardized, such comment has been curtailed. See Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). *Cf.* Annot., 68 A.L.R. 1108 (1930).

**6.** Robinson v. United States, 8 Cir., 32 F. 2d 505, 66 A.L.R. 468 (1928); Latham v. United States, 5 Cir., 226 F. 420, L.R.A. 1916D, 1118 (1915).

ments may not be used to support one's own unimpeached witness.[7] The Jencks Act gives the defendant the unqualified right to inspect prior statements of Government witnesses made to Government agents and relating to the subject matter of their testimony, but it does not abrogate this time-honored common law evidence rule. No one would seriously argue that the Government could formally introduce Jencks Act statements in support of its own unimpeached witness. Yet the comments of the prosecuting attorney in this case accomplish virtually the same result in the minds of the jurors. Based as they are on inadmissible evidence, such comments are not permissible.[8]

■ Moreover, in order to avoid the undue prejudice which may arise from the jury's knowledge that Jencks Act statements were available to the accused, motions for their production should be made outside the hearing of the jury. The actual handing over of the statements should take place with the jury absent, or at least unaware. In this case, for example, the statements apparently were turned over to defense counsel in the presence of the jury and then a recess was called to permit counsel to study the statements.[9] No reason appears why the recess could not have been called first and the statements transferred after the jury had left. Thus the risk of strengthening the Government's case in moving for production of Jencks Act statements

is avoided. In this way full recognition is accorded the rights of the defendant under the *Jencks* decision[10] as reaffirmed by Congress in the Jencks Act.[11]

Reversed for a new trial.

7. Schoppel v. United States, 4 Cir., 270 F. 2d 413, 417 (1959); Throckmorton v. St. Louis-San Francisco Ry. Co., 8 Cir., 179 F.2d 165, *cert. denied*, 339 U.S. 944, 70 S.Ct. 797, 94 L.Ed. 1359 (1950); 4 WIGMORE, EVIDENCE § 1124 (3d ed. 1940).

8. Nothing said herein is intended to prevent counsel from seeking to bolster the effect of his witnesses by pointing out that no effort whatever, or an unsuccessful effort, was made to impeach them. The difference between such an argument and the one made in this case is that, in the former, counsel does not seek to strengthen his case by reliance on inadmissible evidence.

9. The record does not clearly show the exact time the statements were handed over, but the arguments of Government counsel, both before the jury and on appeal, lead us to believe the handing over occurred in front of the jury.

10. Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957).

11. See Campbell v. United States, 365 U.S. 85, 81 S.Ct. 421, 5 L.Ed.2d 428 (1961); S.Rep. No. 981, 85th Cong., 1st Sess., p. 3 (1957), U.S.Code Cong. and Adm.News 1957, p. 1861. Compare Tallo v. United States, 1 Cir., 344 F.2d 467 (1965), where it was held that full recognition of a defendant's husband-wife privilege requires that he be allowed to assert it outside the presence of the jury.