Jerome **WORTHY**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 20659.

United States Court of Appeals
District of Columbia Circuit.

Argued June 23, 1967.

Decided Aug. 11, 1967.

Mr. Benjamin Scott Custer, Jr., Washington, D. C. (appointed by this court), for appellant.

Mr. Arthur L. Burnett, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Harold H. Titus, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before EDGERTON, Senior Circuit Judge, and WRIGHT* and LEVENTHAL, Circuit Judges.

* Circuit Judge Wright did not participate.

PER CURIAM:

Appellant was originally found guilty in a jury trial in the District Court of selling, possessing, and facilitating the concealment of narcotics. The charges arose out of two alleged transactions occurring in May and June of 1964. This court affirmed on appeal.[1] One of appellant's unsuccessful contentions on that appeal was alleged error in the trial court's refusal of defense counsel's request, made at the close of the government's case, to examine the grand jury minutes for possible inconsistencies between the testimony of a government witness there and at trial. This person, an undercover police officer, was the only prosecution witness, other than a chemist, and his was the only testimony on the crucial issue of identification.

The Supreme Court granted certiorari, vacated the judgment of this court, and remanded the case to the District Court "for further consideration in light of Dennis v. United States," [2] 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973, decided the same day.

During the remand hearing, the trial judge apparently found that appellant had shown "particularized need" for the grand jury minutes within the Dennis guidelines, for he said: "My impression is that under Dennis I should have ordered the statement before the grand jury turned over to counsel for the defendant for possible use. I think that is clear to me." [3] However, he then went on to hold that a new trial was not required in the absence of a showing of prejudice, and he concluded that no such showing had been made.

We find it unnecessary to decide whether, as appellant contends, Dennis re-quires a new trial, in the absence of prejudice, once "particularized need" has been shown. We cannot sustain the trial court's finding that there was no prejudice, for "We are not to speculate that the same result would have been reached by the trier of the facts had the prosecution's only witness been subject to cross-examination after defense counsel had had an opportunity to peruse and use, if so advised, the * * * statement the witness had given * * *." [4]

Before his arrest in the present case, appellant had no police record and had not been officially linked to the narcotics traffic. His general reputation and employment record, as attested to at trial, appeared good. His name was not even known by the police before his arrest, which was made during a chance encounter, purely by visual identification, and several months after the alleged transactions; the person for whom the police had been searching was known only by a nickname with which appellant had not been connected before the arrest. Although the government's evidence was sufficient to go to the jury, its case was certainly not an overwhelming one. Appellant's defense was mistaken identity. He alleged that he was unable to call any alibi witnesses because there was over a three-month delay between the offenses and the arrest and he could not remember where he had been when the alleged offenses had occurred.

With the case in this posture, any inconsistencies between the officer's grand jury testimony and his trial testimony which might have been sufficient to raise in the jury's mind a question as to the accuracy of the memory of the officer,[5] who was the key witness for the

1. Worthy v. United States, 122 U.S.App. D.C. 242, 352 F.2d 718 (1965).

2. Worthy v. United States, 384 U.S. 894, 86 S.Ct. 1961, 16 L.Ed.2d 1000 (1966).

3. The government does not concede "particularized need" on this appeal. We disagree, finding the lower court's conclusion on this matter to be correct.

4. Duncan v. United States, 126 U.S.App. D.C. ——, 379 F.2d 148 (1967) (Jencks Act statement). Cf. Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), Lollar v. United States, 126 U.S.App.D.C. 200, 204–205, 376 F.2d 243, 247–248 (1967).

5. That memory was of a face and person whom he had last seen several months

government, could have been critical to the defense.[6] There were such inconsistencies, the most important relating to whether or not appellant was known to the officer only as a seller or also as an addict or user.[7] In addition, there was a discrepancy in testimony on the amount of narcotics obtained in the first transaction. Trial counsel, unaware of this inconsistency, spontaneously stipulated to

custody of the narcotics. We also cannot surmise that the prosecution would have so pointedly told the jury the government was transmitting to the defense prior statements of its principal witness,[8] if that witness had been impeached even to a modest extent by the grand jury minutes.

Reversed and remanded for a new trial.

before, in the course of a series of undercover investigations wherein he had had 93 transactions with 54 different sellers of narcotics and had met "a hundred or so" other people who were reported sellers of narcotics.

6. This court has recognized that errors which might otherwise be considered harmless may take on a more prejudicial aspect in the context of a lengthy delay before arrest in a narcotics case. See, e. g., Lee v. United States, 125 U.S.App. D.C. 126, 130, 368 F.2d 834, 838 (1966) (Jencks Act statement).

7. There were also inconsistencies in the officer's testimony as to the exact time and location of one of the alleged transactions.

8. That was erroneous comment on the record as it stood, but that issue is not before us because of our disposition of the case under *Dennis*. It is clear that such statements would not be permissible in a future trial. See Reichert v. United States, 123 U.S.App.D.C. 294, 359 F.2d 278 (1966); Johnson v. United States, 121 U.S.App.D.C. 19, 347 F.2d 803 (1965).