Richard A. BARBER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 21281.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 25, 1968.

Decided March 8, 1968.

Mr. William J. Garber, Washington, D. C., for appellant.

Mr. John James McKenna, Asst. U. S. Atty., with whom Messrs. David G.

Bress, U. S. Atty., and Frank Q. Nebeker and Robert Kenly Webster, Asst. U. S. Attys., were on the brief, for appellee. Messrs. Albert W. Overby, Jr. and Harold H. Titus, Jr., Asst. U. S. Attys., also entered appearances for appellee.

Before BAZELON, Chief Judge, and WRIGHT and TAMM, Circuit Judges.

## J. SKELLY WRIGHT, Circuit Judge:

This case involves the sexual abuse of a little girl. The only substantial questions presented on this appeal are the identification of appellant as the perpetrator of the crime [1] and the use of his criminal record to test his credibility.

In addition to the victim, there were two witnesses to the act—another little girl, age nine, and an adult whom she had brought to the scene when she realized what was taking place. The victim was totally unable to identify her assailant, although one of the police testified that she had told him her assailant had freckles. The nine-year-old girl did identify appellant. She also testified he had freckles. The adult was unable to identify appellant, but he corroborated the testimony of the two little girls as to the assailant's freckles.

The nine-year-old witness, ten at the time of trial, testified that she identified appellant in a lineup held five days after the offense. The Government relies on this lineup identification to support the testimony of its sole identifying witness. Appellant testified that neither the victim nor the nine-year-old identified him at the lineup, and the Government offered no evidence from the police conducting the lineup or anyone else in an

effort to resolve this conflict. Most significantly, the evidence shows that after the lineup appellant was released by the police without charges of any kind.

On trial appellant testified that he had no freckles. On trial the judge observed: "I haven't seen him close enough to determine whether he has freckles or not * * *." The Government made no effort to have the judge or the jury take a closer look at the appellant to see whether or not he was freckled. Indeed the Government implicitly admits that he had no freckles, at least at the time of trial, arguing on appeal that freckles on some people often come out in the summer time and disappear in the winter. This argument was apparently made without consulting the calendar: the offense was committed on November 28, 1965, and the trial took place April 17–19, 1967.

During the presentation of the defendant's case, defense counsel indicated to the court that the defendant, who had prior convictions of robbery and petty larceny, wanted to testify. He suggested to the court that defendant's testimony was necessary to his defense, but that, in view of the nature of the crime charged, having his prior record exposed would induce the jury to find him guilty on his prior record rather than on the evidence in this case. Defense counsel invoked the ruling of this court in Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965), by name. The trial court seemed somewhat unfamiliar [2] with the Luck line of decisions and denied defendant's motion to exclude his prior record without, so far as the record shows,[3] invoking the Luck criteria.[4]

---

1. Appellant was charged in two counts with taking indecent liberties with a minor child and with enticing her to another place for that purpose. 22 D.C.CODE § 3501(a) and (b) (1967).

2. After defense counsel referred to Luck the court stated: "I didn't have time to review that case, but my recollection of it was that there was a juvenile involved there—is that not correct?" The act on which the prior conviction of concern in

Luck was based was committed when Luck was a juvenile.

3. "The Luck opinion contemplated an on-the-record consideration by the trial judge * * *." Gordon v. United States, 127 U.S.App.D.C. 343, 346, 383 F.2d 936, 939 (1967).

4. "The rationale of our Luck opinion is important; it recognized that a showing of prior convictions can have genuine probative value on the issue of credibility,

Courts, including this one,[5] and text writers [6] have consistently called attention to the danger of injustice in sex cases, particularly where, as here, the act involves a little girl and proof of the crime, but not the identification of the criminal, is clear. Because of the inflammatory nature of the offense, juries seem to strain to convict the person the Government charges with the crime. Consequently, in an effort to prevent injustice, special protective rules have been invoked in sex cases.[7] While this court's ruling in *Luck* did not have its genesis in a sex case, the considerations there announced are peculiarly applicable here, particularly where the evidence of identification of the appellant leaves so much to be desired.

We are confident that if the trial judge had applied the criteria required by *Luck* to the cross-examination of appellant in this case, evidence of prior convictions would have been excluded. Once appellant's prior record was disclosed to the jury, on the facts of this case it is impossible to say with assurance that the jury would have found appellant guilty beyond a reasonable doubt of the crime for which he was on trial.

A properly conducted jury trial is no doubt the most reliable instrument in the arsenal of the administration of criminal justice. Protected by rules of evidence designed to advance the factfinding process, the jury for generations has served us well. But our experience has taught us that when inflammatory irrelevancies are allowed to come to the attention of the jury, the quest for truth aborts, and criminal injustice often results. Thus, to forfend against that possibility and to allow the jury the opportunity to exercise its judgment on a proper record, a new trial is required.

Reversed for a new trial.

TAMM, Circuit Judge (dissenting):

I regret my inability to concur in the disposition of the case as it is prescribed in the majority opinion.

The jury which heard the case had ample opportunity to observe the defendant throughout the entire course of the trial. The jury heard all of the testimony of all of the witnesses insofar as it related to the identification of the defendant, and of course this evidence included all of the testimony relating to the presence or absence of freckles. With the defendant before them in the courtroom and with the all-powerful opportunity of observing the witnesses on the witness stand, the jury found beyond a reasonable doubt that this appellant was the perpetrator of the crime charged. To me it is basically unsound, on a record such as is before us in the present case, for appellate judges to substitute their judgment as to the weight in evidence of the facts in a particular case for that of a jury. I, therefore, dissent from the reversal of this case.

---

but that because of the potential for prejudice, the receiving of such convictions as impeachment was discretionary. The defendant who has a criminal record may ask the court to weigh the probative value of the convictions as to the credibility against the degree of prejudice which the revelation of his past crimes would cause * * *." Gordon v. United States, *supra* Note 3, 127 U.S.App.D.C. at 346, 383 F.2d at 939.

5. See Franklin v. United States, 117 U.S. App.D.C. 331, 334–335, 330 F.2d 205, 208–209 (1964).

6. 7 J. WIGMORE, EVIDENCE § 2061 (3d ed. 1940).

7. *See* Walker v. United States, 96 U.S. App.D.C. 148, 223 F.2d 613 (1955); Ewing v. United States, 77 U.S.App.D.C. 14, 135 F.2d 633 (1942), *cert. denied*, 318 U.S. 776, 63 S.Ct. 829, 87 L.Ed. 1145 (1943); McKenzie v. United States, 75 U.S.App.D.C. 270, 126 F.2d 533 (1942); Kidwell v. United States, 38 App.D.C. 566 (1912).