**Cooper W. GIBSON, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 20885.**

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 23, 1968.

Decided Feb. 12, 1968.

As Amended on Petition for Rehearing En Banc Denied
May 1, 1968.

---

Mr. Joseph P. Tumulty, Jr., Washington, D. C. (appointed by this court), for appellant.

Mr. Larry D. Knippa, Sp. Asst. U. S. Atty., of the bar of the Supreme Court of Texas, pro hac vice, by special leave of court, with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Seymour Glanzer, Asst. U. S. Attys., were on the brief, for appellee. Mr. Albert W.

Overby, Jr., Asst. U. S. Atty., also entered an appearance for appellee.

Before EDGERTON, Senior Circuit Judge, and BURGER and TAMM, Circuit Judges.

BURGER, Circuit Judge:

 This is an appeal from a conviction for taking indecent liberties with an eleven year old boy. 22 D.C. Code 3501(a) (1967). The prosecution case included direct evidence by the complaining witness and corroboration by his mother on substantial aspects of the elements of the crime. The boy's mother and the boy were subjected to rigorous and effective cross examination. The District Judge allowed access to the Grand Jury minutes and parts of the minutes were used by defendant in arguing certain inconsistencies to the jury. The mother of complainant testified that she had reported the incident at once to guests in the house at the time. None of these were called by either party and there is no suggestion that they were more available to the Government than to the defense. Indeed the testimony of the mother was a challenge to produce the other guests and secure, if possible, a refutation of the mother's testimony.

We find no basis for disturbing the judgment.[1]

Affirmed.

---

1. In closing argument the prosecution said: "I tell you ladies and gentlemen, his whole testimony here tailored to meet the government's case is a recent *fabrication* designed to *lure* you and *hoodwink* you. * * *" On the whole record we conclude that this does not warrant reversal but we take occasion to emphasize that this was an impermissible statement; no evidence warranted this opinion-conclusion of the prosecutor. The truth or falsity of testimony is exclusively for the jury. Counsel may *question* whether witnesses are telling the truth but only if they remind the jury that credibility is for them alone; *e. g.*, "I call your attention to the testimony of witnesses X and Y and ask you to consider carefully whether they were telling the truth. If they were, then the complaining witness and his mother were lying. You must decide which to believe." This form is permissible; the one used

was not. It is counsel's responsibility to know the ground rules and follow them. The presiding judge cannot anticipate that either counsel will deviate from the rules of appropriate argument and he is in a difficult position to try to remedy such deviation by an instruction. Defense counsel here did not request a remedial charge perhaps as a matter of sound tactics, but we have no doubt a remedial charge would have been given if requested. The District Judge's charge to the jury was eminently fair and as we read it he sought to compensate indirectly for the impermissible comments of the prosecutor.

The dissenting opinion refers to another alleged impermissible statement of the prosecutor. There are only two sentences in the transcript which the dissent sets out which are arguably incorrect—"You will recall Mrs. Matthews made a state-

## DISSENTING OPINION

EDGERTON, Senior Circuit Judge (dissenting):

The issue at this trial was credibility. The complaining witness and his mother testified that appellant had performed an indecent act. Appellant denied the allegations and his wife supported his testimony.

In his rebuttal argument to the jury the prosecutor made two highly questionable statements. First, he referred in a potentially prejudicial manner to a statement not in evidence.[1] I quote from the transcript at pp. 117–118:

> MR. GLANZER (the prosecutor): * * * he [the defense attorney] tried as he might to impeach these witnesses [the boy and his mother]. David with his April 3rd statement, statement made contemporaneously with the police department.
>
> MR. HICKEY (the defense attorney): Your Honor, this is the April 4th statement.
>
> THE COURT: All right. The jury will have to rely on their own recollection.
>
> MR. GLANZER: April 4th statement, tried to impeach and couldn't do it. Read through the grand jury minutes of April 26 and come up with three items, her claims on variance with testimony none of which go to the

heart of the case before you. None of it.

As a matter of fact they corroborate what David said.

You recall Mrs. Matthews made a statement on April 4th also. No impeachment with that statement.

> MR. HICKEY: Objection, Your Honor. That statement is not in evidence.
>
> THE COURT: Now, no statement in evidence from Mrs. Matthews, that is correct, so don't take it you are arguing what was in that statement?
>
> MR. GLANZER: No, Your Honor.
>
> THE COURT: Proceed.

This argument was clearly impermissible.[2]

Second, he argued that appellant's "whole testimony here tailored to meet the government's case is a recent fabrication designed to lure you and hoodwink you * * *".

The prosecution introduced three witnesses—the boy, his mother, and the arresting officer. There were only very minor discrepanies between the boy's testimony and his mother's and between the testimony of each and his own earlier statements. Each testified in detail about appellant's attempt to make the boy commit oral sodomy. The appellant and his wife were the only defense witnesses. Appellant denied that the entire incident had taken place; his wife supported his version of the facts.

ment on April 4th also. No impeachment with that statement." There was an immediate objection and the prosecutor at once corrected himself to clarify any misconception which the jury might have received. However, this was not the first time that statement had been referred to; the trial transcript reveals that the jury was informed of this statement on at least three occasions and by both counsel. Thus, the prosecutor's statement was merely repetitive of that which had already been mentioned by both prosecution and defense counsel. The statement does not rise to the level of error involved in the cases cited by the dissent, Reichert v. United States, 123 U.S.App.D.C. 294, 359 F.2d 278 (1966); Johnson v. United States, 121 U.S.App.D.C. 19, 347 F.2d

803 (1965). In both of those cases there was affirmative argument that the contents of the alleged statement corroborated the testimony of the witness. The situation here is quite different. Indeed, after objection and correction by the District Judge, defense counsel made no further objection or request or motion; he therefore must be presumed to have been satisfied.

1. Although not in evidence, the statement was referred to during the course of the trial by both counsel.

2. Reichert v. United States, 123 U.S.App. D.C. 294, 359 F.2d 278 (1966); Johnson v. United States, 121 U.S.App.D.C. 19, 347 F.2d 803 (1965).

In my opinion the case is very close. It turns only on whom the jury chooses to believe. Normally, of course, a jury decision on the question of credibility should remain undisturbed. But when there were two separate impermissible prosecution statements and the crime charged is as emotionally explosive as this one,[3] the jury determination cannot, in my opinion, be permitted to stand. I think the appellant is entitled to a new trial.

3. See Barber v. United States, 129 U.S.App.D.C. 193, 392 F.2d 517, decided March 8, 1968.