**Fairley BLAKNEY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 21231.**

United States Court of Appeals District of Columbia Circuit.

Argued April 23, 1968.

Decided May 2, 1968.

---

Michael J. Henke, Washington, D. C. (appointed by this court) for appellant.

James E. Kelley, Jr., Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Frank Q. Nebeker and Geoffrey M. Alprin, Asst. U. S. Attys., were on the brief, for appellee.

Before WILBUR K. MILLER, Senior Circuit Judge, and McGOWAN and TAMM, Circuit Judges.

## JUDGMENT

PER CURIAM.

This case came on to be heard on the record on appeal from the United States District Court for the District of Columbia, and was argued by counsel.

On consideration thereof, it is ordered and adjudged by this court that the judgment of the District Court appealed from in this case is hereby affirmed.

McGOWAN, Circuit Judge:

I concur in the affirmance by the court of the conviction before us upon this appeal. Only two errors are claimed, and one of these, involving the issue of whether there was adequate evidence to support the jury's verdict of guilty, does not dictate reversal. The other is an assertion of a failure by the trial court to exercise the discretion committed to it with respect to the admission of a prior conviction to impeach appellant's credibility. See Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965). Confronted by a statute in this jurisdiction (14 D.C.Code § 305) which explicitly contemplates such practice, I do not find here that complete absence of the exercise of discretion which would warrant remand, although even the Government could perhaps have wished that the trial court had not ruled initially before hearing what the defense had to say. But the ruling was, at appellant's request, ultimately made subject to re-examination after appellant's story was told; and for this and other reasons,[1] I am prepared to find no rejection of *Luck* requiring reversal.

The circumstances of this case, however, seem to me peculiarly to point up the dangers lurking in our statute. As its language indicates,[2] that law was put

---

[1] The trial court did not have available to it our later opinion in Gordon v. United States, 127 U.S.App.D.C. 343, 383 F.2d 936 (1967), cert. denied, 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 287 (1968), in which the considerations which should inform the exercise of the court's discretion in this area are discussed at length.

[2] A person is not incompetent to testify, in either civil or criminal proceedings, by reason of his having been convicted of crime. The fact of conviction may be given in evidence to affect his credibility as a witness, either upon the cross-examination of the witness or by evidence aliunde; and the party cross-examining him is not bound by his answers as to

on the books almost 70 years ago for the primary purpose of removing the ancient common law disqualification of persons with criminal records from testifying in either civil or criminal cases. There is apparently no relevant legislative history, so we can only speculate as to why the attainder continued to some degree in the form of permissive employment of the past conviction to impeach credibility. The question that now should be asked is whether it should continue further at least in the case of criminal defendants who wish to testify in their own defense.

Appellant in the case before us was indicted under two federal narcotics statutes ostensibly directed against drug trafficking but which permit a finding of guilt if there is evidence of possession which is unexplained. 26 U.S.C. § 4704 (a) and 21 U.S.C. § 174. Conviction under each statute entails a mandatory minimum sentence of imprisonment. The case against appellant consisted solely of testimony by one police officer that he saw appellant throw a vial containing heroin on the floor. Another police officer with as good or better an opportunity to observe appellant testified only that, although this could have happended without his having seen it, he had not in fact seen appellant throw away anything. This left appellant under the necessity of responding to the evidence that he had possessed narcotics. He asked that a prior conviction for robbery (eleven years before when, as was revealed for the first time at the argument before us, he was 18) be not brought out upon his taking the stand to testify that he had not had the narcotics but had seen another person in the room throw them on the floor. The trial court refused this request. The jury came in with the surprising and unusual verdict of guilty under one statute and not guilty under the other.

These facts need only to be recited to suggest what the impact in this case of the jury's knowledge of the robbery conviction might well have been. They speak more eloquently than words of the hollowness of the pretense that juries can and do heed the formal instruction that they must regard the prior criminal conviction as relevant only to appellant's propensity to tell the truth rather than to commit crime.

As long ago as 1942, the American Law Institute proposed a Model Code of Evidence which sought to blunt this weapon which prosecutors have—and invariably use. The Commissioners on Uniform State Laws did the same in their 1953 proposal of Uniform Rules of Evidence.[3] It is surely not to be supposed that any group currently engaged in a similar task would do less. Prosecutors today urgently need greatly expanded resources to investigate and present criminal cases effectively. But the legislature should face up to these needs rather than to remain content with cutrate convictions gotten with the aid of prior criminal records.

such matters. To prove the conviction of crime the certificate, under seal, of the clerk of the court wherein proceedings containing the conviction were had, stating the fact of the conviction and for what cause, is sufficient.

3. The two proposals were substantially the same on this point. The language used in the Uniform Rules is as follows:

Evidence of the conviction of a witness for a crime not involving dishonesty or false statement shall be inadmissible for the purpose of impairing his credibility. If the witness be the accused in a criminal proceeding, no evidence of his conviction of a crime shall be admissible for the sole purpose of impairing his credibility unless he has first introduced evidence admissible solely for the purpose of supporting his credibility.