Calvin W. PAYNE, Appellant,

v.

UNITED STATES of America,
Appellee.

Hezekiah BLUE, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 21232, 21233.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 14, 1968.

Decided March 5, 1968.

Petition for Rehearing En Banc in
No. 21,233 Denied May 24, 1968.

Mr. Alexander B. Hawes, Washington, D. C. (appointed by this court) for appellants.

Mr. Larry D. Knippa, San Antonio, Tex., Sp. Atty., of the bar of the Supreme Court of Texas, pro hac vice, by special leave of court, with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Seymour Glanzer, Asst. U. S. Attys., were on the brief, for appellee. Mr. Joel M. Finkelstein, Asst. U. S. Atty., also entered an appearance for appellee.

Before DANAHER, WRIGHT and LEVENTHAL, Circuit Judges.

PER CURIAM:

Convicted of assault with intent to commit robbery in violation of D.C.CODE § 22–501, appellants have here contended principally that the trial judge had erred in his handling of a *Luck* [1] issue and in his failure to instruct the jury that the appellants might have been found guilty of simple assault as a lesser included offense.

Ample evidence in support of the jury verdict revealed that the complaining witness, apparently dozing while sitting on the front steps of his house, became the object of the attention of the appellants. The complainant, presently opening his eyes, thwarted an attempt to purloin his wallet which was secured in a buttoned pocket. The complainant then called out "Police, robbers," whereupon the assailants took flight. A passing police car was hailed by neighbors, and some two blocks from the scene, the assailants were placed under arrest. They did not testify at trial.

Prior to the selection of the jury counsel for the appellant Blue informed the court that Blue would not testify. Counsel for Payne at that time announced no position after the trial judge had explained that should he desire to testify, the judge would exclude the jury and examine each of the accused "explaining the balance of one against the other."

1. Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965).

At the close of the Government's case, a general conference was held. It was developed that Payne had been convicted on some seven prior occasions in various jurisdictions, as to each of which Payne was permitted to submit an explanation. The judge decided to exclude evidence and cross examination concerning all prior convictions except a theft conviction in 1954 and an attempted larceny by trick conviction in 1957.

By similar process, Blue acknowledged some 17 earlier convictions, as to which the judge informed Blue and his counsel that the Government would be permitted to interrogate him only with reference to a narcotics conviction in 1954.

It has now been contended that the judge had mishandled his consideration of the problem. Our examination of the transcript has satisfied us that the judge went to great effort to exercise a meaningful discretion under *Luck*. By allowing one (or two) convictions he provided some impeachment, but did not unloose a barrage of convictions that could have condemned defendant out of hand as an irremediably hardened criminal. The actions of counsel and the judge might well have been different if this were tried after Gordon v. United States.[2] But that does not mean that the actions of the judge, in a trial prior to *Gordon*, are reversible plain error.

Counsel for Payne represented to the court the substance of his discussion with and advice to his client.[3]

Blue when questioned reiterated his pretrial decision not to testify.

The Judge: You are following your lawyer's advice on that?

Defendant Blue: That's my own feeling.

The Court: And if there is a conviction you are not going to blame your lawyer for not having taken the stand?

Defendant Blue: No, no.

The Court: All right, it's assumed that neither defendant will take the stand. * * *

We find no merit in the contention now belatedly advanced that the judge had erred in failing to invite counsel to argue as to the effect of the respective prior records of conviction. Counsel for the respective appellants had made no proffer[4] of what testimony might have been advanced by the respective appellants.

The judge canvassed with counsel the substance of the impending instructions. Moreover he explained to the appellants his plan to submit the lesser included offense of attempted robbery. Appellant Payne commented "I went over that with my attorney before. I want to go all the way with it." Appellant Blue through counsel informed the court "We have agreed that we won't take the lesser offense." Blue himself was then asked by the judge:

Mr. Blue, do you agree with this?

Defendant Blue: Yes.

The Court: The record will show that each defendant has stated that he agrees with it.

There was no suggestion that the judge should instruct with reference to simple assault. After the instructions had been given no exception was taken. There was no error on this aspect of the case. FED.R.CRIM.P. 30.

We have considered other contentions now urged upon us, but perceive no error affecting substantial rights. FED.R. CRIM.P. 52(a).

Affirmed.

2. 127 U.S.App.D.C. 343, 346, 347, 383 F.2d 936, 939, 940 (1967).

3. Payne told the judge he "would have to tell the truth" and that he had "lived in the area for five years." He finally concluded, speaking for himself, "I will go along with what he says. I will not take the stand."

4. See Hood v. United States, 125 U.S.App. D.C. 16, 365 F.2d 949 (1966).