**Arceilous MOSS, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 4698.

District of Columbia Court of Appeals.

Submitted Jan. 7, 1969.

Decided Feb. 25, 1969.

Joe A. Cannon, Washington, D. C., for appellant.

David G. Bress, U. S. Atty., with whom Frank Q. Nebeker and Henry F. Greene, Asst. U. S. Attys., were on the brief, for appellee.

Before KELLY, FICKLING and KERN, Associate Judges.

KELLY, Associate Judge:

Appellant was convicted by a jury of petit larceny, D.C.Code 1967, § 22–2202. He was acquitted of attempted housebreaking, D.C.Code 1967, §§ 22–103, 22–1801. On this appeal the trial court is charged with error in permitting the use at trial of appellant's 1958 robbery conviction for purposes of impeachment.

Briefly, a Government witness testified that she saw appellant in the hallway of an apartment house with goods in his possession which had been stolen from complainant's locked apartment while he was at work. On the other hand, appellant testified that he had been in the premises that morning drinking with the witness but he denied entering complainant's apartment or taking complainant's property. Credibility was thus a crucial issue in the case.

■ It is claimed that appellant's prior robbery conviction was too remote in point of time for use in impeachment. It is true that remoteness is one criterion by which the trial court weighs the admissibility of prior convictions. As stated in Gordon v. United States, 127 U.S.App.D.C. 343, 347, 383 F.2d 936, 940 (1967), *cert. denied*, 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 287 (1968):

The nearness or remoteness of the prior conviction is also a factor of no small importance. Even one involving fraud or stealing, for example, if it occurred long before and has been followed by a legally blameless life, should generally be excluded on the ground of remoteness.

■ However, at a *Luck* [1] hearing prior to appellant's taking the stand, the trial court considered the question of remoteness, noting that appellant had been convicted of a weapons charge and had otherwise been in constant trouble since his release from prison, and that he was then presently on probation.[2] Given this record we are unable to say that the trial court abused its discretion when it failed to hold evidence of appellant's robbery conviction inadmissible as too remote.[3]

A *further objection* made at trial was that because of the similarity between the crimes of robbery and housebreaking, the use for impeachment of appellant's prior robbery conviction would severely prejudice appellant by leading the jury to draw an inference of guilt.[4] It is argued on appeal that the same prejudicial inference would be drawn by the jury as to the charge of larceny, the crime of which appellant was convicted, because every robbery includes a larceny.

We are again cautioned by *Gordon* that [5]

As a general guide, those convictions which are for the same crime should be admitted sparingly; one solution might well be that discretion be exercised to limit the impeachment by way of a similar crime to a single conviction and then only when the circumstances indicate strong reasons for disclosure, and where the conviction directly relates to veracity.

■ Again we find no abuse of discretion in allowing the use of one robbery conviction for impeachment. No proffer of appellant's testimony was made before he took the stand, nor was any special need shown for his testimony to be given free of impeachment.[6] And given the importance of credibility in this case, we are satisfied that the trial judge balanced the prejudicial effect of impeachment, which he clearly recognized, against the relevance of the prior conviction to the issue of credibility in accordance with *Luck* and subsequent decisions.[7]

Affirmed.

1. Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965). The *Luck* inquiry was initiated by the court after counsel announced that appellant was going to testify.

2. The court permitted only the use of the robbery conviction.

3. Gass v. United States, U.S.App.D.C. (No. 21,198, decided January 29, 1969); Weaver v. United States, U.S.App.D.C. (No.22,172, decided January 22, 1969).

4. Appellant was acquitted of attempted housebreaking.

5. 127 U.S.App.D.C. at 347, 383 F.2d at 940.

6. Evans v. United States, 130 U.S.App. D.C. 114, 397 F.2d 675 (1968); Hood v. United States, 125 U.S.App.D.C. 16, 365 F.2d 949 (1966).

7. Gass v. United States, *supra* n. 3; Weaver v. United States, *supra* n. 3; Evans v. United States, *supra* n. 6; Blakney v. United States, 130 U.S.App. D.C. 87, 397 F.2d 648 (1968); Williams v. United States, 129 U.S.App.D.C. 332, 394 F.2d 957, *cert denied*, 393 U.S. 89, 89 S.Ct. 211, 21 L.Ed.2d 169 (1968); Barber v. United States, 129 U.S.App. D.C. 193, 392 F.2d 517 (1968); Payne v. United States, 129 U.S.App.D.C. 215, 392 F.2d 820 (1968); Brooke v. United States, 128 U.S.App.D.C. 19, 385 F.2d 279 (1967); Hood v. United States, *supra* n. 6; Brown v. United States, 125 U.S.App.D.C. 220, 370 F.2d 242 (1966).