**Lucius Frank McKOY, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 4819.**

District of Columbia Court of Appeals.

Argued Sept. 29, 1969.

Decided March 24, 1970.

**650**

Lawrence J. Winter, Washington, D. C., for appellant.

Warren R. King Asst. U. S. Atty., for appellee.

Thomas A. Flannery, U. S. Atty., John A. Terry, John F. Rudy, Robert S. Bennett, and D. William Subin, Asst. U. S. Attys., were on the brief, for appellee. Roger E. Zuckerman, Asst. U. S. Atty., also entered an appearance for appellee.

Before KELLY, KERN and GALLAGHER, Associate Judges.

KERN, Associate Judge.

Appellant was convicted of possession of implements of a crime, D.C.Code 1967, § 22–3601, narcotics paraphernalia, consisting of a hypodermic needle, needle holder, and syringe. A police officer found the items in a case on appellant's person while arresting him under a bench warrant issued by the court in another criminal case in which he was the defendant and for which he had failed to appear. See McKoy v. United States, D.C.App., 263 A.2d 645.

Appellant stated to the arresting officer after receiving the *Miranda*[1] warnings that he had recently used the needle and syringe, which were still wet, to give himself a dosage of heroin, or a "fix"; that he used as much as he could get his hands on; and that he had discarded his "cooker"[2] to avoid possible prosecution.

---

1. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2. A "cooker" may be any metallic, cup-shaped implement in which heroin crystals are heated and liquified for purposes of injection into the body.

Appellant contends that there was insufficient evidence to support his conviction in the absence from his person of the cooker and the lack of heroin traces on the needle and syringe. He urges that his admissions to the police officer could not be used to cure such defect. Also, he attacks the constitutionality of Section 22–3601.

■ Section 22–3601 prohibits possession of "any instrument, tool, or other implement * * * that is usually employed, or reasonably may be employed in the commission of any crime", in the absence of a "satisfactory account". To convict under this statute the Government must prove (1) that the implements are "usually" or "reasonably may" be employed in the commission of a crime, *and* (2) that the defendant intended to use the implements for a crime.

Proof of intent may be either by inference from the possession of "sinister" items, or otherwise. Benton v. United States, 98 U.S.App.D.C. 84, 88, 232 F.2d 341, 345 (1956); McKoy v. United States, *supra*. A needle and syringe are "usually" or "reasonably may" be employed in the administering of heroin,[3] which is a crime under D.C.Code 1967, § 33–402(a). We need not decide whether possession of a hypodermic needle and syringe, standing alone in the absence of any other paraphernalia, is sufficiently "sinister" to prove beyond a reasonable doubt an intent to use them for a criminal purpose. See Johnson v. United States, D.C.App., 255 A.2d 494 (1969). In this case, appellant's intent to so use the particular hypodermic and needle in his possession was amply proved by his own admissions.

However, appellant argues that these admissions were uncorroborated, and thus under the rule in Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954), could not be used to prove an element of the crime, that is, intent to use the implements for a criminal purpose. There, the Court said (at 93, 75 S.Ct. at 164):

> [W]e think * * * that the corroborative evidence need not be sufficient, independent of the statements, to establish the *corpus delicti*. It is necessary, therefore, to require the Government to introduce substantial independent evidence which would tend to establish the trustworthiness of the statement. * * * It is sufficient if the corroboration supports the essential facts admitted sufficiently to justify a jury inference of their truth.

*See also* United States v. Fuller, 243 F. Supp. 203 (D.D.C.1965), aff'd, 132 U.S. App.D.C. 264, 407 F.2d 1199 (1968), cert. denied, 393 U.S. 1120, 89 S.Ct. 999, 22 L. Ed.2d 125 (1969).

■ We believe that appellant's admission is trustworthy; the situation it describes is one that is highly likely. It is fair to say that hypodermic needles and syringes in the hands of non-medical personnel in the District of Columbia are most often used for the administration of illicit narcotics.[4] In addition, although appellant's possession of a case containing a wet needle, needle holder and syringe, without the cooker, may not be sufficient to establish the *corpus delicti*, it does constitute "substantial independent evidence which would tend to establish the trustworthiness" of his statements to the arresting officer.

■ As for the alleged unconstitutionality of Section 22–3601, the issue was

---

3. *See* Dyton v. State, 250 A.2d 383, 386 (Del.1969).

4. *See* Leary v. United States, 395 U.S. 6, 36, 89 S.Ct. 1532, 1548, 23 L.Ed.2d 57 (1969):
   > * * * it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend.
   >
   > We contrast this case to one in which criminal intent in the possession of a screwdriver is sought to be proved solely by an admission; the possibility that the admission is unreliable is much greater.

considered and decided in McKoy v. United States, *supra*. The circumstances of this case present no additional factors that would require a different result. We hold that Section 22–3601 is constitutional as applied in this case.

Affirmed.