**William H. DENT, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 5221.

District of Columbia Court of Appeals.

Argued Sept. 29, 1970.

Decided Dec. 16, 1970.

Stephen S. Millstein, Washington, D. C., appointed by this court, for appellant.

Roger M. Adelman, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and John D. Aldock, Asst. U. S. Attys., were on the brief, for appellee.

10. In light of the fact that this case must be retried, we do not discuss the remaining allegations of error.

Before HOOD, Chief Judge, and KELLY and GALLAGHER, Associate Judges.

KELLY, Associate Judge:

In this appeal from jury convictions of unlawful entry[1] and destruction of property[2] appellant claims that the trial court erred in allowing the Government to introduce into evidence a prior consistent statement of a Government witness and in permitting it to introduce evidence of a prior assault by appellant on his wife. We find no reversible error and therefore affirm.

The complaining witness, Mrs. Linda Dent, testified that she was appellant's wife; that she and appellant had been separated for over a month prior to October 12, 1969; that she paid the rent on an apartment in the District where she lived with her two children; that her name appeared on the lease, and that she had not given her husband permission to enter the premises on October 12, 1969.[3]

In the course of her testimony the prosecuting attorney questioned Mrs. Dent about any conversation she might have had with appellant prior to the October 12th incident in which they discussed "whether or not he [was] entitled to go into [the] apartment [where Mrs. Dent lived]."[4] Over objection that such questioning was irrelevant and prejudicial, Mrs. Dent was allowed to testify to a conversation which took place around October 5, 1969. She prefaced her testimony with the statement that "it was on an occasion when he came in and beat me up and blackened my eye."[5] Counsel for appellant then moved for a mistrial, which was denied on the ground that the testimony was relevant to the issue of appellant's right to enter the apartment.

 The trial judge was correct in refusing to grant a mistrial. One of the necessary elements for the unlawful entry conviction was proof that appellant entered or attempted to enter the apartment without lawful authority, against the will of its lawful occupant. The October 5th incident provided the background for and explanation of the statement Mrs. Dent testified that she made to her husband the following day, namely, "never to come back to the apartment, since he didn't know how to act."[6] This combined testimony, along with Mrs. Dent's direct testimony that she had not given her husband permission to enter the premises on October 12th, bore directly on appellant's lack of lawful authority to enter the apartment and was therefore admissible in evidence.

 After both sides had rested the Government belatedly moved and, over objection, was allowed to introduce an official police form PD 163 upon which Mrs. Dent's statement to the police concerning the incident had been recorded. Appellant claims that the introduction in evidence of this statement was prejudicial to his case, citing the general rule which forbids admission of prior consistent statements to support one's own unimpeached witness. Johnson v. United States, 121 U.S.App.D. C. 19, 347 F.2d 803 (1965). It is at least arguable on this record that the statement was properly admitted in evidence because of the evident confusion resulting from cross-examination of Mrs. Dent about how many statements she had made, when and to whom the statements were made, and whether or not all of her statements had been produced by the Government upon

1. D.C.Code 1967, § 22–3102.

2. D.C.Code 1967, § 22–403.

3. Appellant came to the apartment that night and, upon her refusal to let him in, broke a window with his fist and entered

the apartment. The defense was intoxication.

4. R. 17.

5. *Id.*

6. R. 19.

request.[7] However, we note that the statement was not read into the record, was not mentioned in closing arguments or in the charge to the jury, nor is there any indication that it was ever shown to the jury. Under these circumstances, any error in the admission of the statement was harmless.

Affirmed.

7. *Cf.* United States v. Jenkins, 436 F.2d 140 (D.C.Cir., decided August 12, 1970).