**Thomas CRAWFORD, Jr., Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 5390.**

District of Columbia Court of Appeals.

Argued April 5, 1971.

Decided June 11, 1971.

**126**

John E. Kloch, Washington, D. C., with whom Leonard I. Rosenberg, Washington, D. C., was on the brief, both appointed by this court, for appellant.

John S. Ransom, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Robert C. Crimmins, Asst. U. S. Attys., were on the brief, for appellee.

Before GALLAGHER, REILLY and YEAGLEY, Associate Judges.

GALLAGHER, Associate Judge:

Appellant was charged with carrying a pistol without a license [1] and possession of implements of a crime [2]—narcotics paraphernalia. A jury found him not guilty of carrying a pistol without a license and rendered a special verdict finding him guilty of possession of one hypodermic needle and one hypodermic syringe found under the front seat of the car he was driving. He was found not guilty of possession of implements of a crime as to other narcotics paraphernalia found in the rear seat. Appellant was sentenced to serve 180 days in jail.

At the close of the Government's case in chief and again upon final submission of the case, appellant moved for judgment of acquittal contending the Government's evidence was insufficient to support a finding that he was in possession of the narcotics paraphernalia. The trial judge denied the motions and appellant now contends this was reversible error.

The Government's evidence consisted of the following: Officer Richardson testified that he stopped appellant's car for speeding and while waiting for appellant (who had alighted from the car) to produce his license, he noticed a syringe at the foot of one of the occupants in the rear seat.[3] Upon the arrival of other officers he had called by radio, the occupants were removed from the car. He then recovered two pieces of tinfoil, a spoon, two syringes and one needle from the rear seat and one syringe and needle protruding from beneath the front seat on the driver's side where appellant had been sitting. A pistol was also recovered from the rear seat. A Detective Dotson testified that he examined appellant at the precinct on the day of the arrest and found ten to twenty "individual needle marks—small punctures on the arm." The Government chemist testified that neither the spoon nor the aluminum foil recovered contained any narcotics. He could not testify each syringe positively contained heroin because the sample he tested was a composite from all three syringes; and, consequently, he could not testify specifically that there was heroin in the syringe found under appellant's seat.[4]

"A motion for acquittal must be granted when the evidence, viewed in the light most favorable to the Government, is such that a reasonable juror must have a

---

1. D.C.Code 1967, § 22–3204.

2. D.C.Code 1967, § 22–3601.

3. There were three youths in the rear seat and one in the front passenger seat in addition to appellant.

4. Essentially, the defense testimony sought to rebut that appellant possessed the

needle or syringe found under the driver's seat of his car; that appellant had any "track marks" on his arm at the time of the arrest; and that he had any knowledge of the presence of the other needles, syringes, spoon, tinfoil and gun found in the rear of the car.

reasonable doubt as to the existence of any of the essential elements of the crime." Austin v. United States, 127 U.S.App.D.C. 180, 189, 382 F.2d 129, 138 (1967); sec Crawford v. United States, 126 U.S.App. D.C. 156, 158, 375 F.2d 332, 334 (1967); Curley v. United States, 81 U.S.App.D.C. 389, 392, 160 F.2d 229, 232, cert. denied, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947). If, on the other hand, the evidence is such that a reasonable man might or might not have a reasonable doubt as to the defendant's guilt, the case should go to the jury. Crawford v. United States, *supra*; Curley v. United States, *supra*. We think the motions were properly denied under this standard.

■ Possession in this instance could have been either actual or constructive, *i. e.*, the exercise of, or right to exercise, dominion and control over the narcotics paraphernalia under appellant's seat. *See* Hill v. District of Columbia, D.C.App., 264 A.2d 145, 146 (1970); *cf.* Garza v. United States, 385 F.2d 899, 901 (5th Cir. 1967). There is no question but that appellant did not have actual possession of the needle and syringe at the time of his arrest. But appellant had been present in the automobile immediately before the officer noticed the paraphernalia protruding from under the seat where appellant had just been seated. He had been driving the car immediately prior to the time the articles were recovered in plain view from beneath that seat. He was the owner of the vehicle. The single needle and syringe were certainly within his reach. Additionally, puncture marks were found on his arm which indicated he was a user of drugs. Garza v. United States, *supra*, 385 F.2d at 900. From these facts it was reasonable to infer that appellant had dominion and control over the

needle and syringe under his seat. Viewing the evidence in the light most favorable to the Government, as we must, we conclude it was adequate to support the jury's finding that appellant had possession of that needle and syringe.

Appellant also contends that possession of a single hypodermic needle and syringe alone will not support a conviction under the statute [5] without proof of specific intent to use the instruments to commit a crime since they do not in themselves raise "sinister" implications. *See* McKoy v. United States, D.C.App., 263 A.2d 649, 651 (1970). He raises this point for the first time on appeal. "[O]ur power to notice errors raised for the first time on appeal is discretionary, and will be exercised only where the error alleged is 'plain error' and clearly prejudicial to the appellant." Bunter v. United States, D.C.App., 245 A.2d 839, 842 (1968). Our review of the record in this case reveals no such plain error. We conclude upon the record before us that there existed sufficient independent circumstantial evidence of appellant's intent above and beyond his mere possession of a single needle and syringe to support his conviction of possession of implements of a crime. Therefore, we are not met with the issue posed by appellant that possession of the needle and syringe, standing alone, would not violate the statute. [6]

This court has recognized the use of surrounding circumstances to evidence the requisite criminal intent under the statute. McKoy v. United States, *supra*. In the present case appellant possessed a hypodermic needle and syringe but, in addition, two other syringes and one other needle, with two pieces of foil and a spoon, were found in the rear seat of the automobile driven by appellant. While it is true that

5. D.C.Code 1967, § 22–3601 provides in part:
   No person shall have in his possession in the District any instrument, tool, or other implement for picking locks or pockets, or that is usually employed, or reasonably may be employed in the com-

mission of any crime, if he is unable satisfactorily to account for the possession of the implement. * * *

6. We might comment, however, that if this were the issue a serious question would be raised.

the jury found that appellant did not possess these items in the rear seat, this is not to say that he did not know of their presence. And their presence would indicate an apparent intention to administer narcotics illegally, if this had not already been done. These materials constituted a narcotics "kit" and thus appellant was in the immediate company of others who had this "kit." There was evidence that at least one of the syringes contained heroin, though which one could not be determined due to the nature of the chemist's test. Further, ten to twenty puncture marks were observed on appellant's left forearm by Detective Dotson indicating appellant was a drug user.

■ We believe that these circumstances taken together, and when viewed in a light most favorable to the Government, were sufficient for the jury to conclude that appellant possessed the hypodermic needle and syringe with the intent to use them for a criminal purpose.

For these reasons, the judgment of the trial court is

Affirmed.