**Charles JONES, Jr., Appellant,**

v.

**UNITED STATES, Appellee.**

No. 5762.

District of Columbia Court of Appeals.

Submitted Aug. 2, 1971.

Decided Oct. 20, 1971.

**562**

Lee M. Modjeska, Washington, D. C., appointed by this court, for appellant.

Thomas A. Flannery, U. S. Atty., John A. Terry and Robert S. Tignor, Asst. U. S. Attys., for appellee.

Before HOOD, Chief Judge, and KELLY and FICKLING, Associate Judges.

KELLY, Associate Judge:

Acting on a report from the owner of premises 1301 Rhode Island Avenue, N. W. that people were breaking into vacant apartments there and destroying property, police officers, accompanied by the apartment manager, made a routine check of the building on the evening of February 6, 1971, at about 9:30 p. m. They found the door of apartment 3–C open, with the latch and one of the door panels torn off. Inside, through the doorway, the officers saw appellant lying on a couch and another individual, a Mr. Aaron, sitting in a chair. They entered the apartment, arrested both men for unlawful entry, and searched them. Recovered from appellant was a syringe containing a white liquid and a bottle containing a clear liquid and bearing a faded insulin label. A large screwdriver was discovered in the coat on which he had been lying. Tinfoil packets and a syringe with blood on the needle were found close to the chair on which Aaron was sitting.

After conviction by the court of unlawful entry[1] and possession of implements of a crime[2] appellant was sentenced to concurrent terms of 90 days on each charge.

Appellant's first claim on appeal is that the trial court erred in denying his motion to suppress.[3] Aside from the fact that no such motion was made pretrial, as required by Superior Court Criminal Rule 12(b) (3),[4] nor any excuse offered for the failure to adhere to the rule,[5] this claim of error is without substance.

The owner of the partially occupied premises in question testified at trial that he had checked the building earlier the same day and found two men, who refused to identify themselves, in apartment 3–C. One, whom he thought to be appellant, was lying on the couch in an apparent stupor. He told the two men that they had no right to be there and that they had better be out of the apartment when he, the owner, came back with the police. Later, when he returned with the police, the men had gone. Items characterized as narcotics paraphernalia, and other materials found scattered around the apartment, were cleaned out and the door secured by padlock. The owner requested that the police return later and check the premises which, according to the testimony, they did, with

---

1. D.C.Code 1967, § 22–3102.

2. D.C.Code 1967, § 22–3601.

3. At trial, counsel objected to the admission of certain exhibits into evidence on the ground that appellant was searched prior to the time the officers had knowledge that he had committed a specific offense, and the court was asked to suppress this evidence.

4. 12(b) (3) Motions to Suppress Evidence. A motion to suppress evidence, whether tangible or intangible, shall be made before trial or hearing unless opportunity therefor did not exist or the defendant was not aware of the grounds of the motion. *See also* D.C.Code 1967, § 23–104(a) (2) (Supp. IV, 1971).

5. *See* Bailey v. United States, D.C.App., 279 A.2d 508, 509, n. 2 (1971).

the above described results. Appellant did not testify at trial.

■■ The evidence is, then, that from the earlier visit to the apartment, participated in by one of the arresting officers, the police were armed with the knowledge that no one had the owner's permission to occupy apartment 3–C. When, accompanied by the manager, the officers later checked the premises they discovered the broken lock, damaged door panel, and open door of apartment 3–C, through which appellant and Aaron could be seen. Certainly, at this point, it was reasonable for them to believe that appellant and his companion had entered the apartment without lawful authority, a requisite element of the offense of unlawful entry. Dent v. United States, D.C.App., 271 A.2d 699 (1970). As a consequence, their entry into the apartment without a warrant to effect the arrest was justified.

■ Appellant also claims that the evidence was insufficient to sustain his conviction for possession of implements of a crime[6] since he did not possess the "complete narcotics kit" referred to in previous decisions of this court.[7] In the factual setting of this case, however, it is our opinion that proof of the possession of a syringe containing a liquid with more than traces of heroin suffices to sustain a conviction under D.C.Code 1967, § 22–3601.[8] We have of course said that a single implement of narcotics paraphernalia, when seized separately, *need not* compel a finding that it is an instrumentality for the illegal use of narcotics. Edelin v. United States, D.C.App., 227 A.2d 395 (1967). Yet when that implement seized, here a syringe, contains an apparently usable quantity of heroin, its possession for any legitimate use is largely negated.[9] The added circumstance that more paraphernalia were found nearby, in plain view, can be construed as supportive evidence that appellant's possession of the syringe was with the intent to use it for a criminal purpose. Crawford v. United States, D.C.App., 278 A.2d 125 (1971). In *Crawford* the defendant was convicted of possession of implements of a crime, a needle and syringe found under the front seat of the automobile he was driving, although the jury acquitted him of possession of other narcotics paraphernalia found in the rear seat of the car. In its opinion this court observed that the finding of the jury that Crawford was not guilty of possession of the articles in the rear seat was "not to say that he did not know of their presence. And their presence would indicate an apparent intention to administer narcotics illegally, * * *."[10] So, here, the presence nearby of tinfoil packets and a syringe with blood on the needle indicates a like intention.

■ Each case must of course be governed by its own facts, and it is our judgment that in the factual setting of this case there is sufficient evidence to support a conviction for possession of implements of a crime.

Affirmed.

6. The same claim is made as to the unlawful entry conviction; however, the sufficiency of the evidence summarized above to support that conviction is manifest.

7. *See, e. g.*, Wheeler v. United States, D.C.App., 276 A.2d 722 (1971); McKoy v. United States, D.C.App., 263 A.2d 649 (1970); Edelin v. United States, D.C.App., 227 A.2d 395 (1967).

8. The chemist testified that the small amount of heroin found would be more than traces because of the quantity of liquid in the syringe.

9. Indeed, at trial, defense counsel stipulated that a narcotics officer, if called, would testify that "these are the paraphernalia that are or can be used in the administration of narcotic use." He further said that the court could take judicial notice that the syringe "is or can be used in the administration of drugs." Tr. at 37.

10. 278 A.2d at 128.