**UNITED STATES, Appellant,**

v.

**Ronald E. HOBBY, Appellee.**

No. 5449.

District of Columbia Court of Appeals.

Argued Feb. 9, 1971.

Decided March 22, 1971.

Kenneth Michael Robinson, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry, Robert C. Crimmins and Lester B. Seidel, Asst. U. S. Attys., were on the brief, for appellant.

No appearance for appellee.

Before KERN, GALLAGHER, and REILLY, Associate Judges.

PER CURIAM:

The Government has appealed an order granting a pre-trial motion by appellee, to suppress a shotgun taken from his car by a police officer at the time of his arrest. In the court below, appellee was charged in an information filed July 6, 1970, with a violation of D.C.Code 1967, § 22–3204, which prohibits *inter alia* the carrying of a concealed weapon.

The charge was predicated on the very item of evidence suppressed at the motions

session. The Government concedes that evidence proving the carrying of a shotgun would not sustain an asserted violation of Section 3204, *supra*, but suggests that this error in the information could have been cured by an amendment charging a violation of another section of the Code, viz., Section 3214 in lieu of Section 3204.[1] As both the foregoing concession and suggestion were made at the hearing on the motion, the Government argues that the motion should not have been granted, asserting that the only issue before the court at that stage of the proceedings was whether the seizure of the weapon was illegal.

While the facts developed in the hearing are sketchy, being based on the testimony —partially hearsay—of only one of the officers *who participated in the arrest*, the essence of the case before the motions judge was the following:

On a June afternoon, Officer Samuel Blackburn, in a private automobile, saw appellee, Ronald E. Hobby, take a shotgun from the trunk of his car then parked near Fourth and H Streets, N. W., get into the front seat with it, and speed after a cab driven by a man with whom he had just been conversing. The officer pursued the car, but before overtaking it, hailed another policeman in a scout car, Lonnie Bennett, Jr., and instructed him to follow.

Blackburn succeeded in stopping Hobby's car at the next intersection and directed him to step out. At that time, Bennett also arrived. Both officers, looking inside the car which had been halted, no-

ticed that a shotgun separated into two parts was lying on the seats, one piece in front and the other in back. When asked what was going on, Hobby said that a cab driver had pulled a gun on him and he was going to "get" him. Bennett then told him he was under arrest, advised him of his rights, but Hobby persisted in saying that he was going to "get" the cab driver.

Upon ascertaining that the information was drawn under Section 22–3204,[2] the court—apparently regarding this section as inapplicable to shotguns—remarked that no violation had been shown. Government counsel agreed, but stated that they intended to amend the information by charging appellee with an offense defined by Section 3214(b). The court nevertheless granted the motion, stating "my ruling goes only to suppress for use as a dangerous weapon." [3]

■ In our opinion, the court erred in grounding the suppression of the evidence upon the defective information, because the grounds upon which a motion to suppress may be granted is limited by the very terms of the rule—in this instance GS Crim.Rule 41(e)—which authorizes the filing of such motions. The motion may be made only by a defendant "aggrieved by an unlawful search or seizure" and for the movant to prevail—under the facts shown at this hearing—it was necessary for him to demonstrate that "the property was illegally seized without warrant." The key word here is "illegally", for the police may arrest without warrant under certain circumstances, and as an incident to such ar-

1. Subsection (b) of D.C.Code 1967, § 22–3214 provides:
   (b) No person shall * * * possess, with intent to use unlawfully against another, an imitation pistol, or a dagger, dirk, razor, stiletto, or knife with a blade longer than three inches, or other *dangerous* weapon. (Italics supplied.)

2. This section of the Code provides:
   No person shall within the District of Columbia carry either openly or concealed on or about his person, except

in his dwelling house or place of business or on other land possessed by him, a pistol, without a license therefor issued as hereinafter provided, or any deadly or dangerous weapon capable of being so concealed. * * *

3. This phraseology would seem to indicate that the motions court did not think the Government had made out a prima facie case for either a Section 3214 or a Section 3204 violation, but appellant's brief (footnote 6) does not so interpret the ruling.

rest seize any incriminating items discovered in the immediate possession of the person arrested.[4]

■ In the circumstances described by the officer who testified, there can be no doubt that under certain provisions of D. C.Code 1967, § 4–140 (Supp. III, 1970),[5] the officer had ample authority to arrest appellee without a warrant. If the officer's testimony may be accepted at face value he was entitled to regard the accused's armed pursuit of the taxi driver, coupled with his expression of intent to "get" him made in the presence of the officer, as a threat to commit a breach of the peace or assault with a dangerous weapon.

The record does show that Officer Blackburn testified that in making the arrest, he charged appellee with a breach of that same section of the Code erroneously cited later in the information—thus making the same mistake as the prosecutor who signed it. But the state of mind of an officer who makes an arrest is not the relevant test of whether such action is valid. United States v. Cumberland, D.C.App., 262 A.2d 341 (1970). As the United States Court of Appeals for this circuit put it in Bell v. United States, 102 U.S.App.D.C. 383, 387, 254 F.2d 82, 86 (1958), "* * * this description given by the officer does not go to the question of probable cause. The question is not what name the officer attached to his action; it is whether, in the situation in which he found himself, he had reasonable ground to believe a felony had been committed * * *."[6]

■ It is apparent from the text of GS Crim.Rule 41(e) and the construction placed upon it by the courts, that movant failed to lay a foundation for his motion to suppress. Hence it should have been denied notwithstanding the defect in the information. At the time the court made its ruling there was no motion before it to dismiss the information because of this defect[7] nor any motion to cure such defect by amendment as authorized by GS Crim. Rule 7(e).

Disposition of the problem of the erroneous citation accordingly should be deferred until such motions are made. Should such motions be presented, nothing in this opinion is intended to detract in any way from the discretion vested in trial judges by Paragraph (e) of GS Crim.Rule 7 in the matter of permitting or rejecting amendments to an information or the limitations placed thereon by Paragraph (c) of that rule.[8]

Reversed and remanded.

---

4. Mosley v. United States, D.C.App., 209 A.2d 796 (1965). The motions judge correctly noted that the issue of whether the arresting officers had also a right to search the car is not present here because the shotgun was clearly visible to anyone who looked through the car window.

5. The first subsection of Section 4–140, *supra*, provides:
   (a) An officer or member of the Metropolitan Police force may arrest without a warrant and take into custody any person who commits or threatens or attempts to commit, in the presence of, or within the view of, such officer or member any breach of the peace or offense directly prohibited by an Act of Congress or by any other law in force in the District.

6. A similar reason for warrantless arrest is provided in D.C.Code 1967, § 4–140, *supra*.

7. GS Crim.Rule 47(f).

8. "* * * The information shall state for each count the official or customary citation of the statute * * * which the defendant is alleged * * * to have violated. Error in the citation or its omission shall not be ground for dismissal of the information or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice."