**UNITED STATES, Appellant,**

v.

**Francis Ignatious DYSON, Appellee.**

**No. 5620.**

District of Columbia Court of Appeals.

Argued April 21, 1971.

Decided May 28, 1971.

<hr>

Daniel J. Bernstein, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and William H. Schweitzer, Asst. U. S. Attys., were on the brief, for appellant.

Eugene J. Fitzpatrick, Rockville, Md. entered an appearance for appellee and adopted the brief of the amicus curiae.

John Vanderstar, Atty., American Civil Liberties Union Fund, Washington, D. C., filed a brief as amicus curiae and presented oral argument in lieu of counsel for appellee.

Before HOOD, Chief Judge, and FICKLING and PAIR, Associate Judges.

FICKLING, Associate Judge:

This is an appeal from the granting of a motion to suppress evidence seized during an allegedly illegal search. Since we hold the search proper, we reverse.

The appellee was arrested for shooting craps in public. The arresting officer (Smith), after a brief frisk which revealed no weapons, put in a call for an expedited transport because of a gathering crowd. When the transport vehicle arrived, appellee was placed in the back seat; there, another officer (Carter) searched him and found a plastic vial containing capsules and an envelope of white powder, all suspected of containing narcotics (heroin). Later, at the precinct station, an additional search revealed another plastic vial containing capsules.

On a motion to suppress, the judge held that the transporting officer (Carter) had unconstitutionally intruded upon appellee's privacy in that the initial patdown by the arresting officer (Smith) was sufficient to insure the safety of the police officers.[1] This was error.

No issue is raised concerning the validity of the arrest. The question raised is the right of the *transporting officer* (Carter) to search appellee for weapons and evidence of the crime for which he was arrested.

Can it be seriously contended that an officer who comes upon the scene after an arrest has been made, for the purpose of transporting the arrestee to the precinct station, must rely on an assumption that the arrestee has been completely or thoroughly searched for weapons? We think not. The transporting officer has just as much right to protect himself by a search as the arresting officer has to protect himself, particularly when the transporting officer was not present at the time of the arrest to observe the extent of the search for weapons.

We stated in Taylor v. United States, D.C.App., 259 A.2d 835, at 838 (1969):

> The search of appellant prior to his entering the patrol wagon was a standard police procedure to check for weapons and was incident to a lawful arrest. [Footnote omitted.]

Here, the arrestee was placed in a vehicle with the police and was to be in their custody for an extended period of time. In such circumstances the search for weapons was proper and the seizure of the narcotics was legal.

Reversed.

1. The judge relied on United States v. Robinson, D.C.Cir., No. 23,734, decided December 3, 1970, *vacated* January 26, 1971. This opinion was vacated after the judge had ruled on the motion. In any event it involved a traffic offense and therefore did not necessarily control here.