Jo Ann BAILEY, a/k/a Joan King, Appellant,

v.

UNITED STATES, Appellee.

No. 5464.

District of Columbia Court of Appeals.

Argued May 19, 1971.

Decided July 14, 1971.

Marsha E. Swiss, Washington, D. C., appointed by this court, for appellant.

Robert R. Chapman, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee. Charles H. Roistacher, Asst. U. S. Atty., also entered an appearance for appellee.

Before KERN, NEBEKER and REILLY, Associate Judges.

NEBEKER, Associate Judge:

Appellant has been convicted of two counts of receiving stolen property[1] consisting of a handbag and a wallet together with contents of each. Her contentions on appeal relate to the seizure and search of the handbag found at her feet when she was arrested. It is specifically contended (1) that the extent of the search was unreasonable because appellant could have been moved away from the handbag thus eliminating danger to the police by appellant's ready access to it; (2) that there was sufficient police control of the situation to render their asserted apprehension irrational and unreasonable; and (3) that a search for weapons, even if proper at the point of opening the bag, became unreasonable when an examination of the contents was undertaken to ascertain ownership.[2]

---

1. D.C.Code 1967, § 22–2205.

2. The questions arise from an oral motion to suppress made during trial. Criminal Rule 41(e) of the Court of General Sessions, as well as its replacement in Superior Court, Criminal Rule 41(g), requires that a motion to suppress be made before trial unless opportunity therefor did not exist or grounds therefor were un-

Appellant and her male companion had occupied a room in a hotel for some time. They had been asked by the management to leave for nonpayment of rent but had failed to do so. The police were then called. When they arrived, the hotel manager informed the officers of these facts and advised them that shortly before, appellant had been seen in the room with a stocking around her arm (apparently being used as a tourniquet) administering an injection.

■ Both occupants were arrested and appellant's companion was handcuffed. They were asked for their names, which they gave. Appellant was neither handcuffed nor patted down for weapons.[3] However, one officer, upon observing the immediately accessible area for his "own protection", saw the black purse at appellant's feet. He seized it and searched through it "to see if there might have been a weapon inside." Observed were various identification cards, personalized checks, and receipts, all in the name of another woman. Also found in the bag was a smaller yellow handbag or wallet. The officer opened it "to see whose it was." Its numerous contents revealed yet another name.[4]

We begin an examination of the points raised from what, of necessity, must be a reasonable approach taking into account the remoteness of the judiciary from the

actual experience of the police. Brinegar v. United States, 338 U.S. 160, 176, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); Dorman v. United States, 140 U.S.App.D.C. 313, 435 F.2d 385, 394–395 (1970); United States v. Thweatt, 140 U.S.App.D.C. 120, 433 F.2d 1226, 1231–1232 (1970). We are mindful too of the constitutional command that judges must, in guarded fashion, determine from courthouse testimony the reasonableness of tactical police decisions.

■ We note that we are asked to rule as a matter of law that alternatives to the seizure and search of the purse—e. g., removal of appellant and her companion from the area of access to the purse—must be utilized, and failing that, the search of the purse for weapons was unreasonable. The law, however, is clear that in such a situation as this the tactical choice by the police between apparent alternative courses of action cannot be overturned by detached judicial deliberation as long as the course of action taken is in itself reasonable. Chambers v. Maroney, 399 U.S. 42, 52, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). See also United States v. Mehciz, 437 F.2d 145, 147 (9th Cir. 1971), cert. denied, 401 U.S. 540, 91 S.Ct. 1663, 29 L.Ed.2d 139 (1971). On the facts of this case we cannot say it was unreasonable to seize the purse and search it for weapons simply because in retrospect we may believe another course was open to the police.[5]

known. *See also* D.C.Code 1967, § 23–104(a) (2) (Supp. IV, 1971). Since the Government did not object to the timeliness of the motion, we have no occasion to pass on the point. We do observe, however, that such oral motions do not generally narrow the issues with the precision of a written motion and opposition, and testimony is often incomplete. Hearing motions to suppress during trial should occur only in the most exceptional cases. Rouse v. United States, 123 U.S.App.D.C. 348, 350, 359 F.2d 1014, 1016 (1966). *See also* District of Columbia v. Faison, D.C.App., 278 A.2d 688 (No. 5583, decided June 29, 1971, Nebeker, J., concurring).

3. On appeal, she now contends that the outer limit of search authority would have been to pat her body for weapons. Obviously, and for good reason, male officers may wish to refrain from such action but not without considerable risk to their safety.

4. For the sake of rhetorical completeness, we observe that the owners of these items testified to their earlier loss through theft.

5. We note that this search was not prohibited by Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), because the purse was in close proximity to appellant at the time of her arrest.

We now face appellant's argument whether, assuming lawful search of the purse for weapons, it was unreasonable to examine the number of cards and papers and thereafter look inside the yellow wallet to examine its contents. There are two avenues available for decision of these questions. First, the law is clear that once lawfully searching inside the purse, there is no constitutional prohibition against observing that which can be seen. Johnson v. United States, 110 U.S.App.D.C. 351, 293 F.2d 539 (1961), cert denied, 375 U.S. 888, 84 S.Ct. 167, 11 L.Ed.2d 118 (1963); Edelin v. United States, D.C.App., 227 A.2d 395 (1967). Second, notwithstanding that the officer's expressed purpose was to look for a weapon, it would also have been reasonable to look for narcotic drugs since it appeared that some were probably in the room as appellant had recently been seen using paraphernalia for their administration. The law commands that we make this independent objective evaluation of the facts. *See* Payne v. United States, 111 U.S.App.D.C. 94, 96, 294 F.2d 723, 725, cert. denied, 368 U.S. 883, 82 S.Ct. 131, 7 L.Ed.2d 83 (1961); and United States v. Bonds, 422 F.2d 660, 664 (8th Cir. 1970). *See also* Coleman v. United States, 137 U.S.App.D.C. 48, 420 F.2d 616 (1969) (Bazelon, C. J., concurring, Part II). On this basis, examination of the yellow wallet also would be justified since it could have contained narcotics.

The examination of the wallet, however, was reasonable for the purpose expressed by the officer. Having found a purse containing property of another woman, the officer properly examined the wallet to ascertain its owner. Under these circumstances, it was quite reasonable to investigate actual ownership of property probably stolen.

The motion to suppress was properly denied and the judgment of conviction is

Affirmed.

KERN, Associate Judge, concurring:

I concur in the decision of the court that the handbag and its contents seized from appellant Bailey after her arrest should not have been suppressed. It was reasonable, as a routine security precaution, for the arresting officer to have examined the woman's handbag, a usual female accouterment, at the feet of the arrestee before transporting her to headquarters. *See* United States v. Dyson, D.C.App., 277 A.2d 658 (decided May 28, 1971).[1] When he opened the purse and discovered a wallet containing papers in a name other than appellant's I do not believe his subsequent close examination of it transcended the bounds of reasonableness. Under these circumstances I would affirm.

---

1. Commendably enough the officer eschewed a search of the suitcase next to appellant Bailey as well as the closet in the 10 foot by 12 foot room where the arrest took place. *See* Chimel v. California, 395 U.S. 752, 762, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).