**UNITED STATES, Appellant,**

v.

**Curtis Eugene BYNUM, Appellee.**

**No. 5877.**

District of Columbia Court of Appeals.

Argued Sept. 28, 1971.

Decided Nov. 1, 1971.

James A. Adams, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry, David G. Larimer, and Robert C. Crimmins, Asst. U. S. Attys., were on the brief, for appellant.

William W. Taylor, III, Washington, D. C., for appellee.

Before FICKLING, KERN and REILLY, Associate Judges.

REILLY, Associate Judge:

This is an appeal by the Government, pursuant to D.C.Code 1967, § 23–104(a) (1) (Supp. IV, 1971), from an order granting a pretrial motion to suppress as evidence of criminal possession of narcotics, a quantity of heroin taken from appellee's pockets at the time of his arrest.[1] The Government contends that the discovery and seizure of the heroin were proper incidents of a lawful arrest and consequently the ruling of the motions court was erroneous. Under the circumstances of this arrest, we find the position of the Government well taken, and reverse.

The arrest in question occurred after two security officers in an apartment building responded to a report that an automobile parked in an adjacent alley was being stripped. As they approached the alley a man carrying a tire dropped it and ran away. On entering the alley, the officers observed a car, resting on its axles, with tires scattered nearby, and a number of persons leaving the area. One of them

---

1. Appellee in separate informations was charged with petit larceny as defined by

D.C.Code 1967, § 22–2202, and possession of heroin, *id.*, § 33–402.

—appellee in this case—was walking away from the vicinity of the stripped car carrying jumper cables and a jack plate. The officers stopped him for questioning. As they were doing so, a neighbor called out from a window to say that appellee was one of the men who had been "messing" with the stripped car.

While this commotion was going on, two Metropolitan Police officers appeared on the scene, saw the parked car and three of the missing tires. They placed appellee under arrest for grand larceny, viz., theft of four tires. A search of appellee's clothing was promptly made and in one pocket the arresting officer found the heroin which became the subject of the motion to suppress.

■ In granting this motion, the court below found that there was indeed probable cause for arrest for larceny of the tires, but held that the search which brought the heroin to light infringed fourth amendment rights. Citing a sentence from Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the court held that there was no reason for the officer to believe a search of the arrestee's pockets would elicit evidence of larceny and a more superficial frisk would have sufficed to discover a possible concealed weapon. The court also referred with approval to a decision—since vacated [2]—of the United States Court of Appeals for this circuit for the proposition that a search of an arrested person (other than for weapons) is justified only to obtain "seizure of fruits, instrumentalities, and other evidence of the crime for which the arrest is made." [3]

This reasoning cannot be supported. The Terry opinion itself noted a distinction between a search incident to an arrest and a limited investigation to detect weapons. The first situation, the Supreme Court observed, could "involve a relatively extensive exploration of the person", 392 U.S. 1 at 25, 88 S.Ct. 1868 at 1882. This court has previously pointed out that the first Robinson opinion, on which the motions judge relied so heavily, has no bearing upon arrests for other than minor traffic offenses, United States v. Dyson, D.C. App., 277 A.2d 658 (1971), and the broad doctrine he derived from it has never been the law of this jurisdiction, Worthy v. United States, 133 U.S.App.D.C. 188, 409 F.2d 1105 (1968) (upholding validity of a search uncovering heroin, although arrest was for vagrancy), Jones v. United States, D.C.App., 282 A.2d 561 (1971) (conviction for possessing narcotics paraphernalia discovered on defendant's person after his arrest for unlawful entry). We have examined the other authorities summarized in the able brief of appellee's counsel but find nothing in them which is in conflict with the rule quoted by this court with approval:

> Power over the body of the accused is the essence of his arrest. * * * To say that the police may curtail the liberty of the accused but refrain from impinging upon the sanctity of his pockets * * * is to ignore the custodial duties, which devolve upon arresting authorities. * * * Once the body of the accused is validly subjected to the physical dominion of the law, inspection of his person, regardless of purpose, cannot be deemed unlawful * * *. [Burroughs v. United States, D.C.App., 236 A.2d 319, 321–322 (1967)]

■ It is also argued that the order of suppression should be sustained on the ground that probable cause for arrest was

2. United States v. Robinson, (No. 23,734, decided December 3, 1970), vacated January 26, 1971; remanded June 7, 1971 after rehearing en banc, 447 F.2d 1215.

3. Id. at 8, 88 S.Ct. at 1573. The court ignored the fact that even under this limitation, a search of the arrestee's pockets might have yielded such corroborating evidence as a screwdriver or articles taken from the glove compartment of the car which had been vandalized.

lacking. The court below, however, made a finding to the contrary, even though the testimony disclosed that the arresting officers did not actually see appellee removing or carrying away tires.[4] In our opinion, this finding should not be disturbed. In view of the officers' proximity in time and place to the interrupted action, it appears that the reasons for the arrest stated by the officer were amply justified. In any event, the state of the officer's mind at the time he takes a person into custody is not controlling. United States v. Hobby, D.C. App., 275 A.2d 235 (1971); United States v. Cumberland, D.C.App., 262 A.2d 341 (1970).

Reversed.

---

4. Appellee's contention is that because the officer did not know the value of the tires, there was no probable cause to make a felony arrest as the crime of grand larceny is defined as the taking and carrying away of things worth $100 or more. D.C.Code 1967, § 22-2201. But another section of the code, § 23-306(c), empowers police to make a warrantless arrest for petit larceny (§ 22-2202) as in the case of a felony.