**Joseph G. W. PARRY–HILL, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 5892.**

District of Columbia Court of Appeals.

Argued Dec. 7, 1971.

Decided May 9, 1972.

---

Before FICKLING, GALLAGHER and REILLY, Associate Judges.

PER CURIAM:

Appellant was charged with eleven counts of permitting his dog to bark in a manner disturbing to the quiet of the neighborhood[1] (barking dog) and one count of allowing his dog to go unleashed upon public property[2] (unleashed dog) in violation of District of Columbia Police Regs. art. 18, §§ 1, 2, respectively. Following a nonjury trial, appellant was convicted of one of the barking dog counts and of the single unleashed dog count.

We consider first appellant's challenge to the "barking dog" conviction on the grounds (a) the police regulation is unconstitutionally vague, and (b) in any event, he was entitled to a judgment of acquittal on this charge as the evidence did not establish *scienter*[3] on his part nor did it show a disturbance of the neighborhood on the date involved.

With the element of *scienter* read into the regulation, as the trial court did, we think the regulation as drawn is susceptible of reasonable interpretation and is not unconstitutionally vague. We believe the evidence was sufficient to establish *scienter* on appellant's part as well as to show a disturbance of the neighborhood on the date charged.

William W. Taylor, III, Washington, D. C., for appellant. Joseph G. W. Parry-Hill also entered an appearance pro se.

Earl A. Gershenow, Asst. Corp. Counsel, with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for appellee.

1. D.C. Police Regs. art. 18, § 1 provides:
   No person shall own or keep in the District of Columbia any animal of the dog kind which shall by barking, howling, or in any manner whatsoever disturb the comfort or quiet of any neighborhood, or any person.

2. D.C. Police Regs. art. 18 § 2 provides:
   No animal of the dog kind shall be allowed to go at large without a collar or tag, as now prescribed by law, and no person owning, keeping or having custody of a dog in the District shall permit such dog to be on any public space in the District, unless such dog is firmly secured by a substantial leash, not exceeding four feet in length, held by a person capable of managing such dog, nor shall any dog be permitted to go on private property without the consent of the owner or occupant thereof.

3. The trial court construed the regulation to include the element of *scienter* in order to save the provision from any constitutional infirmity for failure to require criminal intent.

■ As to appellant's contention that he was denied a speedy trial on the unleashed dog charge, we see no merit. This count charged appellant permitted his dog to be upon a public place without a leash on November 19, 1970. The charge was filed on January 28, 1971, and appellant went to trial on February 3, 1971. In early January, a meeting had been called in the Office of the Corporation Counsel in an attempt to reach an informal solution to neighborhood difficulties stemming from appellant's dog.

We conclude that on this record the time elements involved do not rise to the proportions of denial of a speedy trial.

Our review of this record leads us to believe the trial judge gave appellant a careful, fair trial and that the verdicts on both counts should be upheld.

Affirmed.