**UNITED STATES, Appellant,**

v.

**Marsaung BROWN, Appellee.**

**No. 6129.**

District of Columbia Court of Appeals.

Argued Feb. 9, 1972.

Decided Aug. 25, 1972.

Richard L. Cys, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty.,

John A. Terry and William J. Hardy, Asst. U. S. Attys., were on the brief, for appellant.

Joan M. McIntyre, appointed by this court, for appellee.

Before REILLY, Chief Judge, and GALLAGHER and PAIR, Associate Judges.

REILLY, Chief Judge:

In this case, the Government appeals from an order granting a motion to suppress the contents of a handbag taken from a young woman—appellee here—and examined by a police officer at a precinct station where she was being held on a charge of failing or refusing to pay a taxicab fare.[1] The officer found certain narcotic instruments in the bag. This discovery was the basis of an information subsequently drawn, charging appellee with possession of the implements of a crime.[2] In granting the pretrial motion, the court below found that although there was probable cause for arrest and that the seizure of the handbag was proper—a reasonable precaution to prevent the arrestee from taking out a possible concealed weapon—appellee's rights were infringed by the subsequent opening and search of the purse. We affirm the order to suppress but for different reasons.

Although the Government is the party appealing the suppression order, appellee in oral argument contended that the court's finding of probable cause for arrest cannot be supported. The validity of the regulation which makes a failure as well as a refusal to pay a taxicab fare illegal was not challenged by appellee. We note that a similar regulation relating to the payment of fares on a public bus, Order No. 3345 of the Public Utilities Commission, was recently held beyond the power of the Commission to promulgate. District of Columbia v. Jones, D.C.App., 287 A.2d 816 (1972). Corrective action was immediately

taken by the District Commissioner and Council in the enactment of an ordinance. The taxicab regulation in question, § 305–14, seems to stand on firmer footing, however. It derives from P.U.C. Order No. 1208 which was promulgated *jointly* by the Commission and the D. C. Board of Commissioners on November 15, 1933. After such Board was abolished by Reorganization Plan No. 3 and its powers transferred to the Commissioner and the Council, this section was included by the successor bodies in the compilation of "D. C. Rules and Regulations" published in the D. C. Register pursuant to D.C.Code 1967, §§ 1–1504 and 1507 (Supp. IV, 1971).

We have some difficulty with the court's ruling that there was probable cause to arrest appellee at the time this was done. Unless the failure of a cab passenger to pay the requisite fare is willful, a criminal violation of this kind of regulation cannot be established. Parry-Hill v. District of Columbia, D.C.App., 291 A.2d 505 (1972). It would seem to follow that where a person charged with a breach of such regulation appears to be making an attempt to raise the necessary fare, an arrest is premature as the element of scienter is lacking. Even according to the arresting officer, appellee did avail herself of a telephone to call for financial assistance and while she may have been bickering with the cabdriver while dialing, the record indicates that the primary reason the officer interrupted her efforts and placed her under arrest was due to the arrival of other persons at the station and the necessity of giving them his attention. Under the circumstances, we find appellee's precipitous detention unreasonable.

The Government, in appealing the order granting the motion to suppress, argues that such order disregarded controlling case law in this jurisdiction, citing *inter alia* Bailey v. United States, D.C.App., 279 A.2d 508 (1971), where virtually the same objec-

---

1. 14 D.C.Reg. 305.14 (1971). Violation of this regulation is punishable by a fine of not more than $300 or imprisonment for not more than 90 days under D.C. Code 1967, § 47–2347.

2. D.C.Code 1967, § 22–3601.

tion to a search of a handbag was considered and rejected. In view of our disposition of the case now before us, we need not pass upon this issue, except to observe that the broad rule with respect to the scope of search and seizure incidental to a lawful arrest enunciated by this court in Burroughs v. United States, D.C.App., 236 A.2d 319, 321–322 (1967), was quoted with approval in United States v. Bynum, D.C. App., 283 A.2d 649 (1971). This decision was handed down after the effective date of the Judicial Reorganization Act.[3] *See also* Jones v. United States, D.C.App., 282 A.2d 561 (1971); United States v. Dyson, D.C.App., 277 A.2d 658 (1971); United States v. Hobby, D.C.App., 275 A.2d 235 (1971); and United States v. Cumberland, D.C.App., 262 A.2d 341 (1970).

Affirmed.

3. Title I, District of Columbia Court Reform and Criminal Procedure Act of 1970, Pub.L. No. 91–358, approved July 29, 1970, 84 Stat. 473.