Willie ARRINGTON, Appellant,

v.

UNITED STATES, Appellee.

Nos. 6521, 6746.

District of Columbia Court of Appeals.

Argued Sept. 19, 1973.

Decided Nov. 21, 1973.

Robert M. Weinberg, Washington, D. C., appointed by this court, for appellant. Robert J. Golten, Washington, D. C., was also appointed by this court for appellant.

N. Richard Janis, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and William J. Hardy, Asst. U. S. Attys., were on the brief, for appellee.

Before NEBEKER and HARRIS, Associate Judges, and HOOD, Chief Judge, Retired.

NEBEKER, Associate Judge:

Appellant seeks suppression of the fruits of two larcenies seized from his person incident to his arrest by a U.S. Capitol Po-

lice officer. He argues a lack of probable cause for the arrest. We affirm.

Because of a rash of thefts from a part of the Old Senate Office Building, a special building patrol was undertaken by the Capitol Police. The arresting officer, a part of that patrol, was "pretty familiar with the faces of the people in the building." He also knew that "most of the people who work[ed] in the building [wore] coats and ties."

On the morning in question, the officer, in patrolling past a first floor subcommittee room which had a reception area and adjoining rooms on either side, noticed appellant behind the vacant desk in the reception office, bent over and looking in or under it. No one else was in the room. Appellant's manner, location, and appearance were suspicious to the officer. He appeared nervous and was dressed quite casually. When he observed the officer, appellant straightened up and walked out "as soon as he saw [him]." In response to an inconsequential question by the officer as to his well being, appellant nervously replied and proceeded down the hall toward a street exit.

The officer made immediate inquiry of the occupants of the adjoining offices as to whether a messenger or anyone else might have had business in the empty reception area. No one was aware of any such possibility, so the officer decided to inquire directly of appellant his reason for visiting the subcommittee office.

By the time the officer caught up with appellant the latter was about sixty feet from the building, "walking rather briskly". The officer stopped appellant and twice inquired what he had been doing in the office. Each time appellant replied, "Nothing." Receiving this obviously unresponsive or untrue answer, the officer requested appellant to return to the building. When inside, appellant was asked to identify himself. He gave his name—a name the officer recognized as that of a suspected thief because of a previous briefing by

the sergeant of the building patrol. Appellant was taken to the Capitol Police office and when searched, the proceeds of the two thefts were recovered.

Appellant argues, despite the ruling of the trial court judge that he was not arrested until after his identity was known, that he was, in contemplation of law, arrested without probable cause when asked to return to the building. We do not need to decide the correctness of the trial court's ruling as to time and place of arrest because even viewing the time of arrest as appellant does, we conclude that probable cause for his arrest then existed.

As the government observes, probable cause is a plastic concept depending on the particular circumstances; it is a concern with reasonable probabilities as seen by the officer and not by the court. Probable cause does not require proof beyond a reasonable doubt. *See* Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); Patterson v. United States, D.C.App., 301 A.2d 67, 69 (1973); Bailey v. United States, 128 U.S. App.D.C. 354, 357, 389 F.2d 305, 308 (1967); and Jackson v. United States, 112 U.S.App.D.C. 260, 262, 302 F.2d 194, 196 (1962).

In determining the question of lawful arrest, a court is required to make a judgment whether the officer acted reasonably even if in retrospect a court might deem another course of action, also reasonable, to have been preferable. *See* Bailey v. United States, D.C.App., 279 A.2d 508 (1971). It is very much like our review of an exercise of discretion. Even though we, sitting in the relative calm of a court or library, may have concluded otherwise, we are bound to give deference to the officer's decision if it was reasonable under the facts as viewed by him. In this context, precedent is obviously helpful, but courts should not enmesh themselves in a dissection of the facts of other cases in an effort to bring each case under consideration definitively within or without what is

then deemed controlling precedent. Particularly in this area of adjudication, two cases are seldom sufficiently alike for the first to be an absolute binding precedent for the second.

Taking the facts apparent to the officer, as characterized by appellant in his brief, the officer was acting on the basis of the following information:

1. He had seen appellant in an open, public, walk-in, reception room in the Old Senate Office Building. Appellant was standing in the area behind the receptionist's desk, bending over and "looking down behind the desk or the area under the desk."

2. He had seen appellant leave the room, walking at a normal pace.

3. He had examined the room after appellant left and determined that everything appeared normal and particularly that nothing on or behind the desk had been disturbed.

4. He had inquired of people in the adjoining offices whether they knew of a "colored man, or a messenger" in the reception room; these people had indicated they had no knowledge of such a person.

5. He had asked appellant what he was doing in the office; appellant had said, "[N]othing."

6. He had *not* received any report that a crime had been committed or that any property was missing.

[Brief for Appellant at 15–16; emphasis in original, footnote omitted.]

We cannot agree with appellant that an inference cannot be drawn that appellant was "searching" behind the desk or that these facts are ambiguous. The officer knew appellant was probably without legitimate business looking or searching behind

the desk—a place where personal property is often kept. The officer saw him there and saw him depart as soon as the officer's presence was known. The perfectly reasonable and proper question, addressed to appellant outside the building as his departure pace increased, was met with the false (or at least evasive) answer, "Nothing."

■ It is not too much to expect that if a legitimate reason existed for this suspicious behavior, one with innocent purpose would hasten to offer it. But when appellant elected not to do so, and instead gave the response that he did, that fact may—and here we hold, did—tip the scales in favor of probable cause to believe that appellant had been attempting to steal whatever he could find of value in or around the desk. *See* D.C.Code 1973, § 22–103 (attempts); §§ 22–2201, 22–2202 (larceny); § 23–581(a)(1)(B) (arrest without a warrant for probable offense committed in officer's presence); and Best v. United States, D.C.App., 237 A.2d 825 (1968). Appellant correctly acknowledges that the officer need not consciously have gone through the legal reasoning which is ultimately determined by the court to justify his actions. Bailey v. United States, D.C.App., 279 A.2d 508 (1971); Payne v. United States, 111 U.S.App.D.C. 94, 294 F.2d 723 (1961); United States v. Bonds, 422 F.2d 660, 664 (8th Cir. 1970).

Appellant relies on numerous cases which he deems controlling or persuasive. In those cases, unlike this one, no probable offense had been observed by the officer, or was otherwise known with the requisite degree of probability at the precise time when it was held or observed that probable cause was lacking.[1]

The judgment of conviction is

Affirmed.

---

1. Jenkins v. United States, D.C.App., 284 A.2d 460 (1971) (suspicious conduct warranted only protective frisk since no offense was observed or reported); Robinson v. United States, D.C.App., 278 A.2d 458 (1971) (suspect in public area of apartment garage gave a reasonable explanation for presence and no offense known or apparent to the officers); Campbell v. United States, D.C.App., 273 A.2d 252 (1971) and Daugherty v. United States, D.C.App., 272 A.2d 675 (1971) (no offense known or apparent at time suspects were seen carrying television sets).