

**NUMBERS**
**13-10-00417-CR**
**13-10-00418-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**DAVID ALLEN OWEN,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

**On appeal from the 82nd District Court
of Falls County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Benavides
Memorandum Opinion by Justice Garza**

David Allen Owen, appellant, was convicted of two counts of burglary of a building, a state jail felony. *See* TEX. PENAL CODE ANN. § 30.02(a)(3), (c)(1) (West 2003). Finding two enhancement paragraphs to be true, the trial court set punishment at twenty years' imprisonment and a $10,000 fine for each count, with the prison

sentences to run concurrently. *See id.* § 12.42(a)(2) (West Supp. 2010) (providing generally that, if it is shown on the trial of a state jail felony that the defendant previously was finally convicted of two felonies, the defendant shall be punished for a second-degree felony); *see also id.* § 12.33 (West Supp. 2010) (setting forth range of punishment for second-degree felony). On appeal, Owen contends that: (1) the trial court erred in failing to grant his motion to exclude evidence; (2) his trial counsel was ineffective "in failing to adopt or otherwise file" a motion to exclude in one of the cause numbers; and (3) the instructions in the jury charge were erroneous, causing him egregious harm. We affirm.

## I. BACKGROUND

Owen was charged with burglarizing the offices of the Tri-County Special Utility District ("TCSUD") in Marlin, Falls County, Texas. The burglaries, charged in separate indictments, were alleged to have occurred on December 13, 2009,[1] and January 6, 2010.[2] Prior to trial, the trial court granted the State's motion to consolidate the cause numbers.

At trial, it was established that the December 13 burglary occurred at around 1:00 a.m. When police arrived at the scene, the building was unoccupied, but a large piece of glass from the front door of the building was found lying on the floor. Using fingerprinting techniques, police discovered an unidentified shoeprint on the piece of glass. Police determined that the burglar had gained entry to the building by breaking out the building's front door. No other evidence was found, and no arrests were made at that time.

---

[1] Trial court cause number 8814; appellate cause number 13-10-00418-CR.

[2] Trial court cause number 8813; appellate cause number 13-10-00417-CR.

2

The second burglary occurred around midnight on January 6. Deputy Louis Lourcey of the Falls County Sheriff's Department was dispatched to the scene. While en route to the TCSUD office building, Deputy Lourcey noticed a single truck parked in the parking lot of the Marlin High School football stadium, which is located about one third of a mile away from the TCSUD building. Initially, Deputy Lourcey did not see anyone in the truck, so he proceeded to the office building. However, Deputy Lourcey returned to the truck a few minutes later and observed Owen "reclined" inside the vehicle. Deputy Lourcey questioned Owen and noticed that Owen smelled of alcohol, had slurred speech, and appeared to be wet from the waist down. Upon determining that Owen met the description of a man caught on video at a separate burglary that occurred roughly two weeks earlier at a Dairy Queen in Marlin, Deputy Lourcey arrested Owen.

Falls County Sheriff Ben Kirk was the first police officer to arrive at the TCSUD office building. Sheriff Kirk located a footprint in the mud toward the back of the building. The footprint matched a shoe that Owen was wearing. Sheriff Kirk and Deputy Lourcey then employed a tracking dog that followed Owen's scent from the crime scene to the truck in which Owen was found. The officers searched the truck and found "several screw drivers, pairs of gloves, a flashlight, and what appeared to be the key to the vehicle."

Subsequently, police compared Owen's shoes with the shoe print found on the piece of glass recovered after the December 13 burglary. The shoe print on the glass matched Owen's right shoe.

Owen's neighbor, Jose Lopez, testified that Owen was "chopping wood" with him

3

on the night of December 13, 2009, until around 9:00 or 9:30 p.m. Owen's sister, Sharon Briggs, testified that, at around 6:30 p.m. on January 6, 2010, Owen "left [her] house and went across the street, split wood, and loaded it up, and took it to Wallisville," a town in Chambers County, nearly 200 miles away from Marlin. Briggs further testified that Owen suffers from various health problems, including Hepatitis C, and that he receives regular disability compensation from the federal Veterans Administration.

Prior to trial, Owen's defense counsel filed a motion to exclude from evidence the shoes Owen was wearing at the time of his arrest. The motion was filed only in trial court cause number 8814. After a hearing, the trial court denied the motion.[3]

Trial then proceeded on both burglary counts. Owen was found guilty by a jury and was sentenced by the trial court to twenty years' imprisonment. Subsequently, the trial court entered findings of fact and conclusions of law with respect to its denial of Owen's motion to exclude evidence. The conclusions of law stated as follows:

1. At the time the Defendant was detained at the football stadium parking lot, he was technically under arrest for burglary.

2. Deputy Louis Lourcey effected this arrest based upon the following circumstances:

   a. Defendant was located alone in his vehicle in the early morning hours in close proximity to the crime scene.

   b. Defendant was in wet clothing from the waist down on a cold misty winter morning.

   c. A burglary had been committed in close proximity to Defendant[']s vehicle.

   d. Defendant's appearance matched that of a person who was caught on video tape of the Dairy Queen [b]urglary approximately two weeks before this incident.

---

[3] The shoes were entered into evidence at trial without any further objection by defense counsel.

4

e. Defendant possessed no identification.

3. The detention and arrest of Defendant was permissible under Code of Criminal Procedure Articles 14.03(a)(1) and 14.04 as there were sufficient facts and circumstances for the officer to conclude that this Defendant was found in a suspicious place and under circumstances which reasonably show that that the Defendant has been guilty of some felony. Further, . . . there was no time to procure the issuance of a warrant.

This appeal followed.[4]

## II. DISCUSSION

## A.  Motion to Exclude Evidence

By his first issue, Owen contends that the trial court erred by denying his motion to exclude from evidence the shoes Owen was wearing at the time of his arrest. Specifically, Owen argues that there was no probable cause to effect his arrest, and therefore, any evidence obtained as a result of the arrest, such as the shoes, should have been excluded. *See Monge v. State*, 315 S.W.3d 35, 40 (Tex. Crim. App. 2010) ("The 'fruit of the poisonous tree' doctrine generally precludes the use of evidence, both direct and indirect, obtained following an illegal arrest." (citations omitted)).

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). We defer to the trial court's findings of fact that are reasonable in light of the evidence presented. *Hereford v. State*, 339 S.W.3d 111, 118 (Tex. Crim. App. 2011). However, the trial court's conclusions on pure issues of law, and its decisions on mixed questions of law and fact that do not depend on credibility determinations, are reviewed de novo. *Id.* If the trial court's decision is correct on any theory of law

---

[4] This appeal was transferred to this Court from the Tenth Court of Appeals under an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

applicable to the case, it will be sustained. *State v. Ross*, 32 S.W.3d 853, 855–56 (Tex. Crim. App. 2000).

Warrantless arrests are authorized only if (1) there is probable cause, and (2) the arrest falls within one of the limited circumstances provided by statute. *Lunde v. State*, 736 S.W.2d 665, 666 (Tex. Crim. App. 1997) (citing *Henry v. United States*, 361 U.S. 98 (1959) and *Self v. State*, 709 S.W.2d 662 (Tex. Crim. App. 1986)).

### 1. Probable Cause

Probable cause exists where the police have relatively trustworthy information, considered as a whole, sufficient to warrant a reasonable person to believe a particular person has committed or is committing an offense. *Hughes v. State*, 24 S.W.3d 833, 838 (Tex. Crim. App. 2000). "Probable cause is a 'fluid concept' that cannot be 'readily, or even usefully, reduced to a neat set of legal rules.'" *Baldwin v. State*, 278 S.W.3d 367, 371 (Tex. Crim. App. 2009) (quoting *Maryland v. Pringle*, 540 U.S. 366, 370–71 (2003)). "Though the concept evades precise definition, it involves 'a reasonable ground for belief of guilt' that is 'particularized with respect to the person to be searched or seized.'" *Id.* (quoting *Pringle*, 540 U.S. at 370–71).

The facts relevant to this issue are largely undisputed. At the time of Owen's arrest, Deputy Lourcey was aware of the following facts: (1) Owen was "reclined" inside a truck about one third of a mile away from the scene of the burglary; (2) the truck was parked, alone, in a high school stadium parking lot, even though it was well after midnight; (3) the truck appeared to be empty mere minutes before Owen was observed in the truck; (4) Owen smelled of alcohol and had slurred speech; (5) Owen appeared to be wet from the waist down; (6) Owen was not in possession of any identification; and

6

(7) Owen met the description of a man observed at a burglary that occurred two weeks earlier in the same town.

Owen points to *Townsley v. State*, 652 S.W.2d 791, 796 (Tex. Crim. App. 1983), in arguing that these facts are not sufficient to generate probable cause. In *Townsley*, the court of criminal appeals concluded that the following information available to police was insufficient to establish probable cause to arrest the appellant for murder:

(1) Cut hair on appellant's boots, apparently matching the cut hair on the deceased's pillow.

(2) Appellant's admission that he was at the scene of the crime with the deceased on [the night before the deceased's body was discovered].

(3) Discoloration on appellant's boots, possibly matching the [acidic] substance poured on the deceased's face.

(4) Appellant's unlikely story of his activities on the night of the murder.

(5) The highly personalized nature of the crime against the deceased coupled with appellant's intimate relationship with her.

(6) Discrepancies between the statements of appellant and his mother.

*Id.*[5] Owen argues that "[i]f physical evidence on the defendant's person, admitted presence on the day of the murder, and stories with less than stellar credibility [are] insufficient for probable cause, then the arrest of [Owen] fall[s] short, too." We disagree. First, we note that probable cause is a supremely fact-intensive inquiry; as Owen acknowledges in his brief, in this context, "two cases are seldom sufficiently alike for the first to be an absolute binding precedent for the second." WAYNE R. LAFAVE, ET AL.,

---

[5] The court noted that probable cause had, in fact, been established later after police made two additional discoveries: (1) "[t]he discovery of red pubic hair on the deceased's body which matched appellant's hair color"; and (2) "[t]he discovery that on the night of the offense the appellant borrowed a chair and a pair of binoculars from the deceased's next-door[ ]neighbor so that he could look into the deceased's mobile home." *Townsley v. State*, 652 S.W.2d 791, 796 (Tex. Crim. App. 1983).

7

CRIMINAL PROCEDURE § 3.3(f) (3d ed. 2010) (quoting *Arrington v. United States*, 311 A.2d 838, 840 (D.C. 1973)). Second, *Townsley* is distinguishable because the arresting officer there was not armed with information that a man meeting the appellant's description had committed the same crime at a different location only two weeks earlier; nor did the officer find appellant in a suspicious place shortly after the crime was committed, as was the case here.[6]

We conclude that the information known by Deputy Lourcey at the time of Owen's arrest, viewed as a whole, was sufficient to allow a reasonable person to believe that Owen had probably committed an offense. *See Hughes*, 24 S.W.3d at 838; *see also Illinois v. Gates*, 462 U.S. 213, 245 (1983) ("[P]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity."). Accordingly, Deputy Lourcey had probable cause to arrest Owen.

### 2. Statutory Authorization

We must next determine whether the arrest was authorized by statute. The trial court concluded that Owen's arrest was authorized under articles 14.03(a)(1) and 14.04 of the Texas Code of Criminal Procedure. The former permits warrantless arrests when "persons [are] found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony . . . or are about to commit some offense against the laws." TEX. CODE CRIM. PROC. ANN. art. 14.03(a)(1) (West Supp. 2010). The latter permits a warrantless arrest "[w]here it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has

---

[6] Owen disputes the trial court's finding that the location of his arrest was a "suspicious place." We address that contention *infra*.

8

been committed, and that the offender is about to escape, so that there is no time to procure a warrant . . . ." *Id.* art. 14.04 (West 2005).

Whether a place is properly classified as "suspicious" is, like the probable cause analysis, a highly fact-specific inquiry. *Dyar v. State*, 125 S.W.3d 460, 468 (Tex. Crim. App. 2003). A place may become suspicious, from a police officer's perspective, due to facts and circumstances known to the officer and any reasonable inferences that can be drawn from those facts. *Muniz v. State*, 851 S.W.2d 238, 251 (Tex. Crim. App. 1993). A vehicle may be a suspicious place under this standard. *Cornejo v. State*, 917 S.W.2d 480, 483 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd).

Here, the facts and circumstances known by Deputy Lourcey at the time of Owen's arrest, which we have already determined were sufficient to establish probable cause, were also sufficient to establish that the truck Owen was found in was a "suspicious place" under article 14.03(a)(1). In particular, the truck was a "suspicious place" because it was parked in an otherwise-vacant high school stadium parking lot in the middle of the night in January, and because it was located in close proximity to the scene of the burglary. With these facts in mind, along with the fact that a man meeting Owen's description had recently committed a separate burglary, Deputy Lourcey could have reasonably inferred that Owen was "guilty of some felony" or was "about to commit some offense against the laws." *See* TEX. CODE CRIM. PROC. ANN. art. 14.03(a)(1); *Muniz*, 851 S.W.2d at 251. Finally, it is noteworthy that Deputy Lourcey apprehended Owen only about thirty minutes after he was dispatched to the scene. *See Dyer*, 125 S.W.3d at 468 ("[T]he time between the crime and the apprehension of the suspect in a suspicious place is an important factor.").

9

For the foregoing reasons, we find that Owen's arrest was authorized by code of criminal procedure article 14.03(a)(1).[7] Because the arrest was supported by probable cause and statutory authorization, the trial court did not err in denying Owen's motion to exclude evidence. We overrule Owen's first issue.

## B.    Ineffective Assistance of Counsel

As noted, Owen's trial counsel filed the motion to exclude evidence only in trial court cause number 8814, not in trial court cause number 8813. Owen argues by his second issue that his trial counsel was ineffective for failing to file the motion in both cause numbers.[8]

Because we have concluded that the trial court did not err in denying Owen's motion in cause number 8814, Owen cannot establish an ineffective assistance claim based on his trial counsel's failure to file such a motion in cause number 8813. *See Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998) (noting that, to establish an ineffective assistance claim based on counsel's failure to move for suppression of evidence, an appellant must show that the motion would have been granted). Owen's second issue is overruled.

## C.    Jury Charge Instructions

By his third issue, Owen asserts that he "was egregiously harmed by the trial court's failure to correctly instruct the jury as to [its] responsibility to use only the evidence concerning each cause separately and not to use evidence in one case in the

---

[7] In light of this conclusion, we need not examine whether the arrest was also authorized under article 14.04. *See* TEX. R. APP. P. 47.1; *State v. Ross*, 32 S.W.3d 853, 855–56 (Tex. Crim. App. 2000).

[8] Owen contends that, because the trial court entered findings of fact and conclusions of law in both cause numbers, his motion to exclude evidence was applicable to both cause numbers, even though it was technically filed in only one cause number. For purposes of this issue, we assume but do not decide that the motion was applicable only to cause number 8814.

10

other." Owen argues that the trial court had a duty to *sua sponte* include such a limiting instruction in the jury charge.

When analyzing a jury charge issue, our initial inquiry is whether error exists in the charge submitted to the jury. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005) (en banc). If we find error, we will reverse only if Owen suffered "egregious harm," because Owen did not propose a limiting instruction and failed to object to the charge at trial. *Id.* at 743–44; *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g).

In arguing that the charge was erroneous, Owen cites *Gordon v. State*, in which the court of criminal appeals held:

> [W]hen an accused is prosecuted in a single criminal action for two or more offenses arising out of the same criminal episode, evidence properly admitted as proof of one offense is not ipso facto available for consideration by the factfinder with respect to another offense in issue, and may not be used by the jury as proof of an element of the other offense without appropriate instructions limiting consideration of such evidence for its proper purpose.

633 S.W.2d 872, 878 (Tex. Crim. App. 1982). Owen further suggests that, because his cause numbers were consolidated, we must "presume" that the jury used evidence related to one charge in determining Owen's guilt as to the other charge.

We disagree. Texas Rule of Evidence 105(a) states as follows:

> When evidence which is admissible as to . . . one purpose but not admissible as to another . . . purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly; but, *in the absence of such request the court's action in admitting such evidence without limitation shall not be a ground for complaint on appeal*.

TEX. R. EVID. 105(a) (emphasis added). Owen has not provided this Court with any reason to deviate from the clear dictates of rule 105(a). Moreover, though Owen relies

11

principally on *Gordon*, the Court in that case concluded that there was no reversible error, even though the trial court there specifically informed the jury that it may consider all evidence presented for all purposes. 633 S.W.2d at 878. The *Gordon* Court found that, even in the absence of a limiting instruction, if there is nothing in the record suggesting that the jury failed to decide each case on its own merits, the appeals court may not speculate to the contrary. *See id.*; *see also Salazar v. State*, 07-97-0199-CR & 07-97-0200-CR, 1998 Tex. App. LEXIS 3734, at *3–7 (Tex. App.—Amarillo June 19, 1998, no pet.) (not designated for publication). As in *Gordon*, there is nothing in the record before us here indicating that the jury improperly considered evidence of one case in arriving at a verdict on the other. We conclude that the jury charge was not erroneous.

We also find that Owen suffered no egregious harm. An egregious harm claim will be sustained only if the reviewing court is convinced, after consideration of the entire record, including the nature of the testimony and the jury argument, that the appellant was deprived of a fair trial. *Almanza*, 686 S.W.2d at 171. After careful consideration of the entire record before us, we find that Owen has not established that he was deprived of a fair trial. Owen has not identified the piece or pieces of evidence that he believes the jury may have improperly considered in finding him guilty, nor has he identified which of his convictions allegedly resulted from the jury's improper consideration of evidence. Additionally, the evidence adduced at trial was more than sufficient for the jury to conclude that Owen was guilty of each burglary without resorting to evidence relevant only to the other burglary. Finally, unlike in *Gordon*, the jury was not told by the trial court or counsel that evidence from one case could be used to

12

determine a verdict in the other. *See Gordon*, 633 S.W.2d at 875–76. We therefore conclude that, even if error were to be presumed, Owen has not suffered egregious harm due to the lack of a limiting instruction in the jury charge.

We overrule Owen's third issue.

### III. CONCLUSION

The judgments of the trial court are affirmed.

DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
10th day of November, 2011.