**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ethel M. BEAL, Defendant-Appellant.**

**No. 18474.**

United States Court of Appeals
Sixth Circuit.

Nov. 26, 1968.

Certiorari Denied Feb. 24, 1969.

See 89 S.Ct. 869.

William H. Beck, Lexington, Ky., for appellant.

G. Wix Unthank, Asst. U. S. Atty., Lexington, Ky., for appellee; George I. Cline, U. S. Atty., Lexington, Ky., on brief.

Before EDWARDS and COFFIN,* Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

Appellant Beal was indicted for filing false and fraudulent income tax returns in each of four years—1959, 1960, 1961 and 1962—in violation of 26 U.S.C. § 7201 (1964). The government served notice that it intended to proceed by net worth proofs to show understatement of income by over $51,000 and understatement of tax by over $21,000 in the four disputed years. The case was tried to a jury before the United States District Court for the Eastern District of Kentucky and appellant was found guilty on all counts and was thereafter sentenced to probation and a $2,500 fine on each count.

On appeal appellant's counsel listed ten separate claims of reversible error, but at oral argument largely abandoned all except numbers IV, VII and VIII.

As to appellant's question IV, wherein she asserts that she was deprived of a fair trial by undisclosed prior contact of one juror with her and her hotel, we have examined the appellate record and find it devoid of facts upon which appellant seeks to rely. Clearly, the claim was not advanced at trial and apparently no record was made pertaining to this issue on motion for new trial. If this evidence is newly discovered evidence, it cannot be asserted first at appellate hearing. See Fed.R. Crim.P. 33.

* Hon. FRANK M. COFFIN, United States Court of Appeals for the First Circuit, sitting by designation.

■ As to questions VII and VIII, appellant asserts that the District Judge erred in failing to suppress prior to trial, and by admitting at trial, certain evidence derived from appellant's accountant and from appellant herself. Appellant relies generally on the Fourth and Fifth Amendments in this regard. We have examined the entire record in this regard and find no constitutional violations or reversible error.

Appellant appears to concede that information derived from appellant's accountant was voluntarily made available to the Internal Revenue Service agents. The record does not show surrender of appellant's own books and records, as opposed to the accountant's own books and records. Appellant's tax returns for these disputed years had not been subjected to prior audit. Cf. Hinchcliff v. Clarke, 371 F.2d 697 (6th Cir. 1967).

Nor is any issue presented (or found in the record) which would show such violations pertaining to information derived from appellant herself. The examination of appellant's records was authorized by statute. 26 U.S.C. § 7602(1) (1964). The District Judge found (on ample evidence) that appellant turned over her records without coercion or promise. See Eggleton v. United States, 227 F.2d 493 (6th Cir. 1955), cert. denied, 352 U.S. 826, 77 S.Ct. 38, 1 L.Ed. 2d 49 (1956); Zap v. United States, 328 U.S. 624, 66 S.Ct. 1277, 90 L.Ed. 1477 (1946), rehearing denied, 329 U.S. 824, 67 S.Ct. 107, 91 L.Ed. 700, vacated and remanded on other grounds, 330 U.S. 800, 67 S.Ct. 857, 91 L.Ed. 1259 (1947). There is no indication in this record that appellant was ever subjected to in-custody questioning. Cf. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694, 10 A.L.R.3d 974 (1966).

We have also examined the other six issues advanced on this appeal and find no reversible error.

Affirmed.