Anthony R. CROSBY, a/k/a Melvin Crosby, Appellant,

v.

UNITED STATES, Appellee.

No. 11437.

District of Columbia Court of Appeals.

Submitted Nov. 17, 1977.

Decided Feb. 24, 1978.

As Modified May 2, 1978.

**352**

Paul D. Warring, Washington, D.C., appointed by this court, for appellant.

Earl J. Silbert, U. S. Atty., Washington, D.C., with whom John A. Terry, D. Michael Stroud, Joel S. Perwin, Asst. U. S. Attys., Washington, D.C., were on the brief for appellee.

Before NEWMAN, Chief Judge, KERN, Associate Judge, and HOOD, Chief Judge, Retired.

KERN, Associate Judge:

Following a jury trial, appellant was convicted of second-degree burglary while armed, D.C.Code 1973, §§ 22–1801(b), –3202; two counts of assault with a dangerous weapon, D.C.Code 1973, § 22–502; and carrying a pistol without a license, D.C. Code 1973, § 22–3204. On appeal, appellant contends that: (1) since the circumstances surrounding his identification by the complainants immediately after his apprehension near the scene of the crime were impermissibly suggestive, these identifications of him should have been suppressed; (2) the trial court improperly refused to permit appellant, during direct examination by his counsel, to testify concerning a prior criminal conviction; and (3) newly discovered evidence that one of the complainants had been convicted of serious crimes in another jurisdiction merits an award of a new trial.[1] We affirm.

Appellant was arrested on the morning of August 25, 1975, within a few blocks of the jewelry store he allegedly tried to rob some minutes earlier. He was identified at the scene of the arrest by the store's employee who had been present when the robbery attempt was made. The store owner who

---

1. Appellant's other contentions which attack the sufficiency of the evidence and the prosecutor's use of allegedly leading questions on two occasions during trial are without merit and need no discussion.

also had been present when the robber entered identified appellant as the perpetrator when police returned him to the scene of the crime. Almost one year later, *viz.,* August 23, 1976, defense counsel filed a motion to suppress the identifications. On August 27th, as the trial was about to commence, the following colloquy occurred:

DEFENSE COUNSEL: Your Honor, I failed to file the late motion regarding identification, suppression thereof . . but I think the way this case is unfolding, that it occurred to me as we went forward that the identification of whomever ought to be tested in terms of legality. There was a showup involved in this case. I served this on the Government Monday, and also left it at your chambers at this time. . . .

THE COURT: In the Court's view it's untimely. I don't know what the Government's position—

THE PROSECUTOR: Your Honor, that was exactly our position under Rule 12(b). I think it's 12(b)(3), that counsel has the standard time to reply unless new grounds exist. This has been known throughout the course of this matter.

THE COURT: If it develops during the course of the trial, if it raises such an issue that I feel sua sponte I have to make some further inquiry just because something happened, that's not acceptable under any standard. . . . I'll discuss it further with counsel, but I don't find this critical because you have had a difficult role in relation to your client.

Thereafter, during trial both witnesses identified appellant not only as the man who had tried to rob the store but also as

the man each had identified respectively minutes after the crime. No objection was made to their identification testimony.

▌ The record reflects that defense counsel *, despite the fact that there had been two separate on-the-scene identifications of appellant on the date of his arrest, had failed to file a motion to suppress evidence of such identifications until almost a year later and but four days before the trial began. There is nothing in the record to show the attorney was unaware of the identifications or was otherwise unable to file his suppression motion promptly as the Rule requires.[2] At the time he filed his motion, *viz.,* four days before trial, defense counsel did not request that his motion be noticed for hearing immediately. Defense counsel thereby violated two rules of orderly procedure that necessarily govern criminal cases in the trial court: (1) that a motion to suppress "shall be filed" within either 10 days after arraignment or entry of counsel's appearance, whichever is later, Super. Ct.Cr.R. 47–I(c); and, (2) that a suppression motion shall be noticed for hearing less than five days before the trial only with the court's permission, Super.Ct.Cr.R. 47–I(d).[3] In sum, defense counsel filed his written suppression motion untimely and then failed to request a pretrial hearing of it until the morning of the trial with witnesses present and ready to testify. Under these circumstances the trial court did not err in refusing to entertain on the day of trial appellant's untimely request that the identifications be suppressed.

This court has commented:

[I]t is only where there has been the most flagrant abuse of a defendant's rights

---

* Appellant's counsel on appeal is different from his counsel at trial.

**2.** Super.Ct.Cr.R. 47–I(c) provides in pertinent part:

All motions, except motions to dismiss for lack of speedy trial, or motions for release on conditions, for review of such conditions, for reduction of bond or collateral, or for continuance, shall be filed within 10 days of arraignment or entry of appearance of counsel, whichever date is later, unless otherwise provided by the court. A statement of opposing points and authorities in writing shall be filed

within 5 days thereafter, unless otherwise provided by the court. If not filed within the prescribed time the court may treat the motion as conceded.

**3.** Super.Ct.Cr.R. 47–I(d) provides in pertinent part:

No motion shall be noticed for hearing less than five calendar days before the date set for trial . . . unless the permission of the court shall have been obtained . . . . Any motion so filed may be denied by the court as untimely.

that a court of appeals will review a trial court's discretionary denial, as untimely, of a motion to suppress evidence. [*Nicks v. United States*, D.C.App., 273 A.2d 256, 258 (1971).]

*See Anderson v. United States*, D.C.App., 326 A.2d 807, 809, *cert. denied*, 420 U.S. 978, 95 S.Ct. 1405, 43 L.Ed.2d 659 (1974); *Bailey v. United States*, D.C.App., 279 A.2d 508, 509 n. 2 (1971). Our review of the record reveals no "special elements of unfairness" employed by the police in conducting the showups leading to the identifications; rather, the officers responded to the scene and undertook immediate and effective pursuit assisted by the store owner and his employee. Moreover, both witnesses had opportunity to view in broad daylight the robber in the store and remembered him being there two days earlier. Accordingly, there was no reason under the circumstances for the court's suppression of identification and counsel appears to have implicitly recognized this by not objecting to their testimony.

Appellant's second assignment of error is the trial court's refusal to allow him to testify, on direct examination, as to a prior criminal conviction. The trial court sustained the government's objection on the ground that defense counsel was impeaching his own witness. Later, during cross-examination, the government sought to impeach appellant with questions concerning this prior conviction. Appellant initially denied that he had been convicted of armed robbery in 1975. However, after appellant's fingerprints were taken and matched with those of "Melvin Crosby" who had been convicted of armed robbery in 1975, appellant admitted that he was, in fact, the "Melvin Crosby" whose conviction for armed robbery he had previously denied.

In *Kitt v. United States*, D.C.App., 379 A.2d 973, 975 (1977), this court concluded that a trial court's refusal to permit a defendant to testify as to a prior conviction on direct examination was error. However, even if such error is found, reversal is unwarranted if the reviewing court is able to say "with fair assurance . . . that the

judgment was not substantially swayed by the error." *Id.* at 975 *quoting Kotteakos v. United States*, 328 U.S. 750, 764–65, 66 S.Ct. 1239, 90 L.Ed. 1557 (1964). We are convinced the trial court's ruling that appellant could not testify during direct examination regarding prior criminal convictions was harmless error. Overwhelming evidence of guilt was presented by the prosecution and appellant's alibi defense was apparently unconvincing to the jury in light of successful government attacks upon his credibility. Moreover, when finally questioned about this prior conviction during cross-examination, appellant denied its existence. There is no suggestion appellant would have given a truthful response to the same question even if it had been posed to him during direct examination by his own counsel. Consequently, we are able to state, with fair assurance, that the trial court's erroneous ruling could not have impermissibly infected the verdict. *Kitt v. United States, supra* at 975.

Appellant's final contention is that newly discovered evidence regarding a criminal conviction of one of the complainants justifies an award of a new trial. Whatever the merits of this contention, we note that appellant has not filed in the trial court a motion for a new trial on the ground of newly discovered evidence; consequently, no definitive record pertaining to this issue exists. Super.Ct.Cr.R. 33. This rule requires that an application for a new trial on the ground of newly discovered evidence be made to the trial court and not asserted for the first time on appeal. *United States v. Conway*, 415 F.2d 158, 166 (3rd Cir.), *cert. denied*, 397 U.S. 994, 90 S.Ct. 1131, 25 L.Ed.2d 401 (1969); *United States v. Beal*, 404 F.2d 58 (6th Cir. 1968), *cert. denied*, 393 U.S. 1084, 89 S.Ct. 869, 21 L.Ed.2d 778 (1969); *Longmire v. United States*, 404 F.2d 326, 327–28 (5th Cir.), *cert. denied*, 395 U.S. 912, 89 S.Ct. 1757, 23 L.Ed.2d 225 (1968); *United States v. Aguillar*, 387 F.2d 625, 626 (2d Cir. 1967). *See Mesarosh v. United States*, 352 U.S. 1, 9, 22, 77 S.Ct. 1, 1 L.Ed.2d 1 (1956); *Beckwith v. United States*, 367 F.2d 458, 461 (10th Cir.

1966), 8A Moore's Federal Practice ¶ 33.-02(a), at 33–17; 2 Wright, Federal Practice and Procedure, *Criminal*, § 557, p. 534–35.

*Affirmed.*