**Petronio B. BURGOS, Appellant,**

v.

**UNITED STATES, Appellee.**

**Nos. 12811, 13714 and 13715.**

District of Columbia Court of Appeals.

Argued Jan. 24, 1979.

Decided May 30, 1979.

On Rehearing Aug. 7, 1979.

Edward W. Abramowitz, Washington, D. C., appointed by this court, for appellant.

David S. Krakoff, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, Michael W. Farrell, and David W. Stanley, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Earl J. Silbert, U. S. Atty., Washington, D. C., at the time the petition was filed, and John A. Terry and David S. Krakoff, Asst. U. S. Attys., Washington, D. C., were on the petition for rehearing.

Before KERN, NEBEKER and FERREN, Associate Judges.

NEBEKER, Associate Judge:

Having been found guilty of unlawfully possessing a narcotic drug, D.C.Code 1973, § 33–402, and failing to appear for trial, D.C.Code 1973, § 23–1327(a), the appellant seeks reversal alleging that he was denied the effective assistance of counsel; that the trial court improperly refused to entertain his motion to suppress filed by his second court-appointed attorney after the lapse of the initial ten-day pretrial motions period; and that the evidence of his violation of the Bail Reform Act was insufficient to sustain his conviction. We hold that the motion to suppress was filed as a matter of right within ten days of the entry of the appellant's second trial counsel pursuant to Super.Ct.Cr.R. 47–I(c). Accordingly, we remand the record for further proceedings and a ruling on the motion. We otherwise affirm the convictions, leaving open the validity of the drug conviction as it may be affected by the ruling on the suppression motion.

I

In October of 1976, two police officers, acting on a tip that the appellant "was

selling heroin in the area," arrested the appellant and, in the course of searching him, found three foil packets containing heroin. The officers had no warrant. Subsequently, the appellant was charged, indicted and arraigned and counsel was appointed. At a December 17, 1976, status hearing, trial was set for February 17, 1977, at which time the defendant failed to appear. On June 2, the appellant was arrested on a bench warrant and a second attorney was appointed to represent him on the "bail jumping" charge. On June 6, the first attorney was allowed to withdraw. By a June 6 letter, the court appointed the second attorney to represent the defendant on the underlying charge, as well, and notified the attorney of a status hearing on the drug charge scheduled for July 7, 1977. Counsel represented the defendant at the July 7 hearing. Having been arraigned previously on the Bail Reform Act charge, the appellant, on July 14, moved to suppress the contents of the foil packets. The trial court refused to entertain the motion because it deemed the motion not filed in time, under Super.Ct.Cr.R. 47–I(c), and denied a motion to reconsider his refusal. On August 22, we denied a petition for a writ of mandamus to compel the judge to entertain the motion. Following the denial of another motion to suppress, the appellant was tried, convicted, sentenced and placed on probation.

## II

■ We hold that Super.Ct.Cr.R. 47–I(c) [1] allows a substituted defense counsel to file a motion to suppress within ten days of his entry of appearance, where a purpose of the substitution of counsel is not the circumvention of the ten-day rule. Rule 47–I(c) is designed to secure the prompt joining of all but a few available pretrial matters within ten days of arraignment or appear-

ance of counsel, whichever is later. The rule allows sufficient time for the defendant and his counsel to apprise themselves of the facts, the charges and the law, and to prepare any motions. The rule also permits the trial court to organize its calendar with reasonable assurance that events will take place when scheduled. *Cf. Crosby v. United States,* D.C.App., 383 A.2d 351 (1978) (motion made one year following arrest and four days before trial; no indication on record of changed circumstances or newly found evidence). In addition, the "rule is necessary to preserve the orderly administration of criminal justice, since the government has a statutory right to a pretrial appeal from the trial court's granting of a motion to suppress." *Anderson v. United States,* D.C.App., 326 A.2d 807, 810 (1971) (citing authorities). We are cognizant of the need to promote this certainty and orderliness, but we see no reason to hold that Rule 47–I(c) does not address the appearance of substituted counsel where, as here, there is no basis to conclude that the substitution was for the purpose of evading the ten-day limit.[2]

This interpretation of the rule is consistent with its language and the need to insure a full and fair opportunity to litigate Fourth Amendment claims, *see Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), and other issues raised by the counsel who ultimately bears the responsibility for defending his client. Our interpretation of the rule balances the interest of the prosecution, the defendant and the court in the case of substituted counsel.

The prosecution claims that, even if we interpret "counsel" as used in Rule 47–I(c) to include "substitute counsel," the appellant's motion was nevertheless untimely because the motion was not filed until more than ten days after substituted counsel entered an appearance. In so claiming, the

---

1. Super.Ct.Cr.R. 47–I(c) reads as follows:

    *Time for Filing.* All motions, except motions to dismiss for lack of speedy trial, or motions for release on conditions, for review of such conditions, for reduction of bond or collateral, or for continuance, shall be filed within 10 days of arraignment or entry of

appearance of counsel, whichever date is later, unless otherwise provided by the court.

· · ·

2. We express no opinion on the effect, if any, the appearance of co-counsel may have on the ten-day period.

government contends that the ten-day period began running as of the date the appellant's second counsel was appointed, June 6, 1977. However, under Super.Ct.Civ.R. 101(b)(1), which is made applicable to criminal proceedings by Super.Ct.Cr.R. 57(a), counsel may enter an appearance "by signing any pleading or paper . . . filed by or on behalf of the party the attorney represents, or by filing a written *praecipe* noting the entry of his appearance . . ." (Emphasis in original.) The appellant points out, moreover, that the rule does not provide that entry of appearance is affected by the letter appointing counsel. The second attorney filed nothing written prior to his July 7 appearance in court. We hold that appellant's second counsel did not enter his appearance until he physically appeared in court on July 7, 1977, for a status hearing. Therefore, as the motion was filed on July 14, 1977, it was timely filed under Rule 47–I(c), having been filed within the ten-day period. We remand the record for a hearing on the suppression motion and direct that when supplemented by those proceedings and a ruling, the record shall be retransmitted to this court.[3]

### III

▮ The evidence going to a willful failure to appear is sufficient to support the appellant's conviction. The record reflects that the appellant was present when his February 17 trial date was set, that the date was repeated three times in the appellant's presence, that he was advised at his arraignment of the penalties for his failure to appear when required, and that he failed to appear. Over three months after his failure to appear, he used an alias in an unsuccessful attempt to avoid being arrested on the bench warrant. On these facts, one may reasonably conclude that the ap-

pellant knew that he was to appear and willfully failed to do so. *See Raymond v. United States,* D.C.App., 396 A.2d 975, 976 (1979); *United States v. Moss,* 141 U.S.App. D.C. 306, 438 F.2d 147 (1970); *see also Grant v. United States,* D.C.App., 402 A.2d 405 (1979).

### IV

Accordingly, the record is remanded so that the Superior Court may hold further proceedings and rule on the motion to suppress. The conviction for failing to appear is affirmed. Upon the completion of the remand proceedings, the record, as supplemented, shall be retransmitted to this court for final disposition.[4]

*So ordered.*

### On Petition for Rehearing

In its petition for rehearing, the government states "neither appellant, appellee, nor this Court was cognizant that new counsel filed with the trial court a pleading on behalf of appellant, an application for review of conditions of release, on June 10, [1977,] nearly a month prior to the entry of his appearance." The appearance of which the government speaks is the later in-court appearance on July 7, 1977. The government also correctly points out that the opinion of the court states that "counsel may enter an appearance by signing any pleading or paper . . . filed by or on behalf of the party the attorney represents . . ."

▮ After release of our opinion on May 30, 1979, and before the government filed its rehearing petition, counsel for appellant filed a "Motion to Amend Judgment." In that motion counsel stated that the parties and the court had overlooked the June 10 bail motion. Thus, with commendable can-

---

3. The appellant's sole basis for claiming ineffective assistance of counsel was the failure of his first attorney to file a motion to suppress. Our holding that the motion was timely filed and our remand for further proceedings remedies any arguable Sixth Amendment deprivation since his drug possession conviction will depend on the correctness of his suppression motion.

4. When the trial court acts on the motion, the losing party, if it desires to challenge the ruling, shall file a supplemental brief. The times provided in Rule 31 of the Rules of this court shall govern. In the event the ruling of the trial court is not challenged, the losing party shall promptly notify the clerk of this court.

dor counsel advised us of a critical fact militating against our holding that appellant was entitled to a hearing on his motion to suppress. Counsel, in addition, asked us to shift the basis for our ruling to an abuse of discretion in refusing to permit the late motion to be filed and ruled upon.

It is the government's position on rehearing that the belatedly discovered fact of the bail pleading on June 10 constitutes an appearance and that the ten-day rule for filing pretrial motions began to run from that date. Thus, the motion to suppress filed on July 14, 1977, was untimely. The result of this is that under Super.Ct.Cr.R. 47–I(c), appellant's full and fair opportunity to litigate his Fourth Amendment claim was provided during the ten-day period after June 10. We conclude that the government is inescapably correct on this point.

The government also contends that the trial court did not abuse its discretion in refusing to hear and decide the late motion. That issue being joined we must now turn to it. The order of the trial court denying leave to file the motion observed that the facts ("matters") asserted in the motion were known or should have been known by the exercise of diligence. However, the entire issue was decided in the context of the government's position that the first counsel had allowed the ten-day period to lapse and no explanation was offered for that failing. In opposition to a reconsideration motion the government asserted that to allow successor counsel to file the motion would permit an unintended "manipulation of the rules." We are of the view that our earlier opinion in this case avoids the possibility of such a result. However, the trial court's ruling does not reflect consideration of this issue in the context of our holding that, absent an attempt to circumvent the ten-day limit on pretrial motions, successor counsel also has ten days from his appearance to file such motions. Here successor counsel "appeared" in the case on June 10, 1977. He said he did not learn of the basis for his motion to suppress until a July 6, 1977, informal discovery conference with the prosecutor. He then submitted his motion on July 14, 1977. The trial court has not considered these circumstances in deciding whether to permit the motion to be filed.

We, therefore, amend our earlier opinion herein, which remanded the case for a hearing on the motion to suppress, to effect a remand of the case for a decision whether the late motion should be filed and heard. The judgment of conviction shall abide the outcome of that decision and any decision on the motion to suppress should it be heard. Our judgment is modified accordingly.

*So ordered.*