**STATE of Maine**

v.

**Jay KING.**

Supreme Judicial Court of Maine.

Argued Nov. 15, 1984.

Decided Aug. 1, 1985.

Paul Aranson, Dist. Atty., Laurence Gardner, (orally), Asst. Dist. Atty., Portland, for plaintiff.

Zbigniew J. Kurlanski, (orally), Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and GLASSMAN, JJ.

NICHOLS, Justice.

The Defendant, Jay King, appeals from his conviction on April 25, 1984, in Superior Court (Cumberland County), of operating a motor vehicle when his operator's license had been suspended under the habitual offender statute. 29 M.R.S.A. § 2298 (1983).

He focuses our attention on the denial of his two motions to suppress certain evidence, the first of which he had made in writing in advance of trial, and the second of which he had made orally on the morning of the jury trial. On neither occasion was the Defendant accorded a hearing on his motion.

The written motion to suppress was filed April 13, 1984, and, although it was first scheduled for another date, the hearing was rescheduled for April 19 when that appeared to be a more convenient time for the presiding justice. This rescheduling, however, came too late for the Defendant's attorney to be able to reach his client to alert him of the change. When on the date of hearing the attorney reported that situation to the presiding justice, the latter replied, "If the client is not here today, he is simply not going to get his motion heard," and proceeded to deny the motion.

When the cause was reached for jury trial six days later, the subject of suppression came up before the opening statements of counsel were heard. The relevant proceedings may be set forth in full:

THE COURT: Motion for suppression?

DEFENDANT'S ATTORNEY: Yes, your Honor.

THE COURT: That was made and denied because the Defendant was not available at the time. It is on the record that you have renewed it and it's denied.

In compliance with M.R.Cr.P. 41A(b) the Defendant made his motion to suppress "before trial or hearing," and was entitled to be heard thereon. The circumstance that a trial list had been distributed did not make such a motion untimely. It does not appear that it would have unduly burdened the trial calendar to have accorded this Defendant a hearing on his motion inasmuch as on the morning in April, when this case was reached for trial, the jury was able to commence its deliberations at 10:53 A.M.

In sum, we must remand for a hearing on the Defendant's motion to suppress. Once the Superior Court acts on this motion, if the losing party desires to appeal that party shall file a supplemental brief. M.R.Crim.P. 37 shall govern. In the event the ruling of the Superior Court is not challenged, the losing party shall forthwith notify the Clerk of this Court. *Patten v. Milam*, 480 A.2d 620, 622–23 (Me.1983); *Cf. Burgos v. United States*, 404 A.2d 532 (D.C.1979).

The entry is:

Denial of motion to suppress vacated.

Remanded for a hearing on the motion to suppress; upon completion of such proceedings, the record as supplemented to be retransmitted to this Court for final disposition of this appeal.

All concurring.